IN RE, BROCKWAY MANUFACTURING COMPANY.

EX PARTE, MITCHELL.

Androscoggin.     Opinion April 9, 1896.

*Insolvency.   Debts.   Corporations.   Treasurer.   Stock.*

In the allowance of debts and claims in bankruptcy and insolvency, the court proceeds upon principles and considerations that are equitable in their character.

The stock and property of a corporation is to be regarded as a trust fund for the payment of its debts; and its creditors have a lien thereon and the right to priority of payment over any stockholder.

Stockholders of a corporation have no rights until all other creditors are satisfied. They have the full benefits of the profits made by the establishment, but cannot take any portion of the funds until all other claims on them are extinguished. Their rights are not to the capital stock, but to the residuum after all demands on it are paid.

Creditors may hold the company's agents liable for wasting assets, which are needed to satisfy their claims, on the ground that it constitutes a misapplication of trust funds.

Where the funds of a corporation are used by its treasurer to pay for its stock purchased by him and other stockholders for themselves with the consent of

all the stockholders and directors, *held;* that the treasurer thereby became responsible for the whole amount of the money so converted.

So long as he holds the money in the treasury of the corporation, it is there to answer for its debts if necessary; and it should be devoted to that object so long as it may be required for that purpose. If he withdraws it, except according to law, he does so subject to that trust,—the trust for the payment of debts of the corporation, and needed for that purpose; and it is immaterial whether he got the money by fair agreement with his associates or by a wrongful act.

See *Same Case,* 87 Maine, 477.

ON EXCEPTIONS BY APPELLEE.

The case appears in the opinion.

*N. & J. A. Morrill and J. W. Mitchell,* for appellant.

There was no indebtedness existing from Haskell, as treasurer, to the company on account of this transaction, and, as assignee, the appellee has no right to call Haskell to account for any alleged shortage, arising in the manner stated.

It will be noticed that Haskell paid out this money by the unanimous consent of all the stockholders and officers of the company. Such is the conceded fact; and it is also conceded that he paid it without any fraudulent purpose either on his part or on the part of the stockholders. Under that state of facts, he as treasurer could not be called upon to account for the same, by the company, although there may be no record of such action on the part of the stockholders or directors. 2 Morawetz Corp. § 794; *Sawyer* v. *Hoag,* 17 Wall. 610.

In this last case it is assumed, that transactions may be undertaken between stockholders and the company which, although injurious to creditors, cannot be questioned by the company.

Haskell as treasurer was the agent of the company. His only duty in relation to the funds of the company was to keep them safely and to pay them out, or otherwise dispose of them, as he might be directed by the corporation. He is accountable to the corporation and to the corporation alone, and to the corporation he has done no wrong. It is not alleged that he did not safely keep the money or that he has made any wrong disposition of it, without the consent or direction of the proper officers; and it is conceded that everything done by him in relation to these payments was

done by the unanimous consent of the officers, and stockholders of the company. So far, then, as Robinson represents the company alone, he is not in a position to call Haskell to an account and therefore not in a position to insist on his claim in set-off to the appellant's proof. *Taylor* v. *Taylor*, 74 Maine, 584; *Ins. Co.* v. *Hill*, 60 Maine, 182.

It is suggested that Haskell's possession of the money was in a double capacity, as director and treasurer. This is an erroneous assumption, because his possession of the money is clearly only that of the agent of the company in his capacity as treasurer. So far as being a director is concerned, it is clear that the appellee cannot in this manner enforce the remedy given in R. S., c. 48, § 8 against Haskell.

Sections 45, 46 and 47, R. S., recognize that the creditors of a corporation, as represented by the assignee appointed to close up its affairs, have a claim upon the capital stock as a trust fund, or as equitable assets, for their protection; but they expressly limit the liability of a stockholder to the amount unpaid, or to the amount withdrawn. *Poor* v. *Willoughby*, 64 Maine, 381.

It is this liability and obligation, which we submit that Robinson the appellee can enforce against this proof of claim, and only this obligation. Allowing in set-off the amount so withdrawn by Haskell from the capital stock, the proof is reduced by the sum of $610.00, as the presiding justice ruled.

*A. R. Savage and H. W. Oakes*, for appellee.

SITTING: PETERS, C. J., FOSTER, HASKELL, WHITEHOUSE, WISWELL, STROUT, JJ.

PETERS, C. J. After the previous decision in this case, as see 87 Maine, 477, the appellant, Mitchell, the assignee of Haskell, the insolvent debtor, was allowed to amend his claim agreeably to that decision, by substituting therefor an account for cash paid by said Haskell for the use of the Brockway Manufacturing Company and interest, amounting in all to fifteen hundred and seventy-one dollars and seventy-three cents. At the hearing on the appeal in the

court below, Robinson, the assignee of the corporation, was allowed to amend his objections to the claim as originally filed; and in addition to a general objection alleging that upon a full settlement there was nothing due from the corporation to said Haskell, he specifically stated, as a further ground of objection, that "on the 26th day of December, 1888, said Haskell jointly with five other individuals, signed and delivered to one Samuel G. Damren six notes, each for the sum of four hundred and fifty dollars, with interest, and payable respectively in four, eight, twelve, sixteen, twenty and twenty-four months from date; that said Haskell, without lawful authority, took and appropriated the funds of the Brockway Manufacturing Co. for the payment of said notes with interest thereon, amounting in all to the sum of twenty-eight hundred and eighty-nine dollars, and that said Haskell thereby became bound to account for said sums to the Brockway Manufacturing Co., and to pay the same to the said Brockway Manufacturing Co., for the benefit of its creditors; and said Robinson claims to offset said amount . . . . together with interest thereon . . . . the whole amount being thirty-one hundred and seventy-seven dollars and ninety cents, against the claim of said Mitchell as assignee of said Haskell as aforesaid."

At the hearing in the court below, the following facts were admitted by the parties: That on the 26th of December, 1888, I. N. Haskell and five others bought out all the shares of the Brockway Manufacturing Company which had then been issued, from the original owners, with the exception of four which were retained by said owners; and in payment therefor gave the six notes above referred to in the amended objection filed by the appellee, twenty-seven of said shares, of the par value of one hundred dollars each, being transferred directly to the purchasers of said stock, and a portion, at a later date, viz: January 9, 1889, but as a part of the same transaction, being surrendered to the treasury as treasury stock, by the original holders; that by this transfer the signers of said notes received stock as follows, viz:— I. N. Haskell five shares; the others—various amounts aggregating twenty-two shares; and forty-two shares were surrendered into the

treasury and cancelled; that I. N. Haskell was then made director and treasurer of said corporation, and continued to hold both offices until the filing of the petition in insolvency, August 26, 1892; that from time to time as the above notes matured, they were paid by said Haskell from the funds of the Brockway Manufacturing Company; that this was done without fraudulent purpose on the part of said Haskell or the other stockholders, and with the assent of all the stockholders and directors of the Brockway Manufacturing Company, including the signers of the notes, and was in accordance with the understanding between the parties to said transfer, at the time when the notes were given, December 26, 1888, but without any vote either by the stockholders or directors authorizing such payments, and that no account of such payments appears upon the account books of the corporation.

The appellee admitting that Haskell had paid, for the use of the company, the sums specified in the claims filed against the corporation in this case, claimed that there should be allowed in set-off or recoupment against Haskell's claim, the full amount of money applied, as aforesaid, by him to the payment of the six notes dated December 26, 1888, or so much thereof as would be sufficient to cancel the claim of fifteen hundred and seventy-one dollars and seventy-three cents, while the appellant claimed that, at most, only Haskell's proportionate part of said amount, viz:—five twenty-sevenths, agreed to be the sum of six hundred and ten dollars, should be allowed.

·· The presiding justice thereupon ruled that the appellee would be entitled to be allowed in set-off against the claim of the appellant said sum of six hundred and ten dollars, and no more, and entered a decree accordingly.

To this ruling the appellee excepts, and prays that his exceptions may be allowed.

We think that, in this proceeding, Haskell must answer for the full amount, or so much of it as is necessary, to balance the claim here preferred by his assignee.

Whatever rule might obtain, if this were a proceeding to enforce the liabilities of a stockholder under our statutes, we think that

the case discloses in its facts a diversion of its property and assets to the detriment of creditors. The case is very like that of a trustee secretly applying the trust property to his own use. To hold otherwise would be a contradiction of the plain proposition that the stock and property of every corporation is to be regarded as a trust fund for the payment of its debts, and that its creditors have a lien thereon and the right to priority of payment over any stockholder. The payment of the amount claimed by Haskell for the benefit of the corporation amounted in law to an application of that sum in reduction of his indebtedness to the company, and therefore a reduction of its assets to that extent. It is well settled by numerous authorities that the stockholders of a corporation have no rights until all other creditors are satisfied. They have the full benefit of the profits made by the establishment, but cannot take any portion of the funds until all other claims on them are extinguished. Their rights are not to the capital stock, but to the residuum after all demands on it are paid. *Wood* v. *Dummer*, 3 Mason, 311; *Sanger* v. *Upton*, 91 U. S., 60. Creditors may hold the company's agents liable for wasting assets which are needed to satisfy their claims, on the ground that it constitutes a misapplication of trust funds.

We are of the opinion, therefore, that Haskell from time to time had these funds in his possession, belonging to the corporation, which he was bound to apply only to the legitimate purposes of the corporation; and that if he chose to apply them otherwise while acting as treasurer or director, either for his own benefit or for the benefit of any one else, he thereby became responsible for the whole amount so converted. So long as he held the money in the treasury of the corporation, it was there to answer for its debts if necessary; and it should have been devoted to that object so long as it might be required for that purpose. If he withdrew it, except according to law, he did so subject to that trust—the trust for the payment of debts of the corporation, and needed for that purpose, *Williams* v. *Boice*, 38 N. J. Eq. 364; and it is immaterial whether he got the money by fair agreement with his associates or by a wrongful act. *Bartlett* v. *Drew*, 57 N. Y. 587.

The defendant in his argument admits that the transaction detailed above amounted undoubtedly to a withdrawal of a portion of the principal of the capital stock of the company, within the meaning of the R. S., c. 46, § 37; and that the payment for the twenty-seven shares of stock out of the funds of the company, by which transaction Haskell received the par value of his stock without cost to himself, was illegal as against its creditors. But he argues that the only duty of Haskell as treasurer was as agent of the company; and he urges that his only duty in relation to the funds of the company was to keep them safely and to pay them out, or otherwise dispose of them, as he might be directed by the corporation. And he cites from the opinion in the case of *Taylor* v. *Taylor*, 74 Maine, 584, that: "He is accountable to the corporation and to the corporation alone, and to the corporation he has done no wrong." That case was a bill in equity by an assignee in insolvency to vacate a fraudulent preference, and it was sought to sustain the bill upon the further ground of a breach of trust. But the court held that under the allegations in the bill it could not be supported upon that ground. It was sustained as a fraudulent preference under the insolvent law. It will thus be seen that the two cases are dissimilar. In our view, as already expressed, he is accountable, and because he has done wrong to the corporation by an unwarranted withdrawal of its funds for an illegal purpose whereby creditors have been wronged.

In the allowance of debts and claims in bankruptcy and insolvency, the court proceeds upon principles and considerations that are equitable in their character. It has been accordingly held that an assignee may vacate a preference which was given by the directors of an insolvent corporation to a firm of which a director was a member, although it was given more than four months before the commencement of the proceedings in bankruptcy. *Bradley* v. *Farwell*, 1 Holmes, 433.

According to the agreement of the parties, the entry will be made,

*Decision of the judge of insolvency affirmed.*
*Appeal dismissed.*