## FULTON AUTO SUPPLY COMPANY *v.* SULLIVAN *et al.*

1. The petition set forth a cause of action against the defendant corporation.
2. Where the sole owner of all the stock of a private corporation appropriated all of its assets to his individual use, thereby rendering the corporation insolvent, he became liable for the debts of the corporation, which were less in amount than the value of the assets so misappropriated.
3. In such circumstances a suit in equity against the corporation and the stockholder would lie in favor of a creditor of the corporation, without first suing the corporation to judgment and having nulla bona entered on the execution issued therefrom; and the suit would not be bad for misjoinder of causes of action or parties defendant.

No. 597. SEPTEMBER 10, 1918.

Equitable petition. Before Judge Wright. Floyd superior court. May 29, 1917.

The Fulton Auto Supply Company brought a suit in equity against the Rome Motor Car Company, a domestic trading corporation, and A. R. Sullivan. The case made by the petition as amended was, in effect, as follows: The defendants were indebted to the plaintiff $385.23 principal, besides interest, "upon an open account," a copy of which was attached as an exhibit to the petition. Sullivan, under the name of the Rome Motor Car Company, conducted a business until May 12, 1911. On that date a charter was granted incorporating the Rome Motor Car Company, and it was alleged that "sometime after said charter was accepted, and [the corporation] began to do business, taking over the business and becoming liable for the indebtedness of said A. R. Sullivan before that time doing business in the name of said Rome Motor Car Company, and that said Rome Motor Car Company thereupon became indebted to petitioner in the sum of $385.23 principal, as

shown by exhibit A," attached to the petition. "A. R. Sullivan was the principal, if not the only, owner of stock of said corporation. The corporation "ceased to do a going business on and after December 20, 1911, at which date said A. R. Sullivan in his individual name sold to John R. Jones certain of the assets of said Rome Motor Car Company, conveying to said John R. Jones all rights given by the charter," and "transferred to the said John R. Jones the corporate rights, privileges, and franchises of the said Rome Motor Car Company," but did not transfer "the stock of said Rome Motor Car Company, as shown by written agreement between said A. R. Sullivan and said John R. Jones," a copy of which was attached to the petition, and which was as follows: "This agreement entered into between A. R. Sullivan and John R. Jones, that A. R. Sullivan is the owner of all the capital stock of the Rome Motor Car Company, and that the Rome Motor Car Company is the owner of the personal property shown by the exhibit hereto, and that said A. R. Sullivan is authorized to sell the same. Said agreement witness further that said John R. Jones has bought from said A. R. Sullivan all the property shown by said exhibit, at and for the sum of $4092.52, four thousand ninety-two dollars and fifty-two cents, for which said John R. Jones has given his notes as follows: 1 note for $2500.00 due thirty days after date, 1 note for $796.26 due Feb. 1st, 1912, 1 note for $796.26 due March 1st, 1912. All of said notes bear interest from date at the rate of 8% per annum. It is agreed between the parties hereto that the title to the personal property shown by the exhibit hereto attached is retained in said A. R. Sullivan until the full purchase-money, principal and interest, herein provided for is fully paid. Said A. R. Sullivan agrees to obtain with Jno. R. Jones' signature renewal of purchase of two new Hudson cars shown in exhibit, which are for direct sale, until same are sold. All rights of the Rome Motor Car Company under its charter are hereby assigned to the said John R. Jones, except that said A. R. Sullivan assumes liability of all other indebtedness of said corporation to date, and retains as his individual property all assets of the corporation not shown by the exhibit. The purchase-price of two Hudson cars is to be a credit on the purchase-money herein provided for. Said John R. Jones extends to the said A. R. Sullivan the privileges, rights, and profits of the Whiting Agency, agreeing to permit Sullivan to store, keep, and work on same in Rome Motor Car Com-

pany for a period of twelve months from date of this agreement." It was alleged that the debt sued on constituted a liability of the Rome Motor Car Company to the plaintiff, "and that said goods had been sold to said Rome Motor Car Company at the date of the said contract of December 20, 1911." "Said A. R. Sullivan, by his contract, retained all other assets of the corporation as his individual property, and assumed liability for all debts of petitioner." It was further alleged that Sullivan, by selling the assets to Jones as stated, and receiving the purchase-price therefor from Jones, and by taking possession of all the other assets of the corporation, left it without funds to pay its debts, and therefore insolvent; and that in equity, plaintiff being without remedy at law, Sullivan was liable for the payment of the corporation's indebtedness to the plaintiff. "And the said A. R. Sullivan received from said corporation more than enough assets to pay all the debts of said corporation, including this debt of petitioner." Sullivan demurred to the petition, on the grounds that it set forth no cause of action against him either in law or in equity, and that there was a misjoinder of parties defendant, and of causes of action; and specially demurred to each paragraph of the petition referring to the contract between him and Jones, as immaterial and irrelevant, since such contract was "an individual undertaking between the parties signing said contract only, and no other person is entitled to claim any benefit thereunder." The Rome Motor Car Company also demurred to the petition, on the ground of misjoinder of parties defendant, and of causes of action. Both demurrers were sustained, and the petition was dismissed. The plaintiff thereupon excepted.

*Barry Wright,* for plaintiff.   *Maddox & Doyal,* for defendants.

FISH, C. J. (After stating the foregoing facts.) It appears from the petition, and the copy of the account thereto attached as an exhibit, that there was an account of many items, beginning with December, 1910, and ending with June 29, 1911, upon which was due a balance of $20.73. In view of the allegations of the petition it is clear that the defendant, Sullivan, contracted that portion of the account while he was doing business as an individual under the name of the Rome Motor Car Company, prior to its incorporation, and that he was liable for the same in this suit. The Rome Motor Car Company was chartered on May 12, 1911, and soon thereafter began to operate, taking over the business and

assuming liability for Sullivan's debts. It is evident, therefore, that the corporation became also liable for the $20.73, which Sullivan in his business owed the plaintiff. There can be no question that, in accordance with the petition, the Rome Motor Car Company was indebted to the plaintiff for the balance of the account as set forth, as it appears that the goods were sold to it by the plaintiff.

Considering the entire petition, including the exhibits attached thereto, it is fair to say that the Rome Motor Car Company was a one-man corporation, that is, that A. R. Sullivan was the sole owner of all of its stock. The petition expressly alleges that he was the principal, if not the sole, stockholder of the corporation; and in the contract between him and Jones, a copy of which is attached to the petition as an exhibit, there is a recital "that A. R. Sullivan is the owner of all the capital stock of the Rome Motor Car Company, and that the Rome Motor Car Company is the owner of the personal property shown by the exhibit hereto, and that said A. R. Sullivan is authorized to sell the same." Sullivan appropriated to his individual use all of the assets of the corporation, the Rome Motor Car Company, by selling most of them to Jones, and retaining the balance, and by such conduct rendered the corporation insolvent. It is alleged that the value of the assets so appropriated by Sullivan was more than the amount of the debts owing by the corporation. Having demonstrated the liability of the corporation for plaintiff's debt, we are of the opinion that in an equitable action against the corporation and Sullivan he would be liable for appropriating the assets of the corporation in the circumstances above indicated; and the present case being in equity, it was not essential, in order to maintain it, that the plaintiff should have first sued the defendant corporation to judgment and had execution issued and return of nulla bona made; nor was there a misjoinder of parties or of causes of action. The petition was not subject to general demurrer, and the trial court erred in ruling to the contrary. See *Burns* v. *Beck & Gregg Hardware Co.*, 83 *Ga.* 471 (10 S. E. 121); *Ellis* v. *Pullman*, 95 *Ga.* 445 (22 S. E. 568); *Lamar* v. *Allison*, 101 *Ga.* 270 (28 S. E. 686); *Talum* v. *Leigh*, 136 *Ga.* 791 (72 S. E. 236, Ann. Cas. 1912D, 216); *Commercial Investment Co.* v. *Williamson*, post, 353.

*Judgment reversed. All the Justices concur.*