## JACOB SEGAL v. WILLIAM M. DAVIS.[1]

February 26, 1926.

No. 25,099.

**When creditor of corporation can recover personal judgment against owner of all its stock.**

The owner of all the stock issued by a corporation who converts the entire assets of the corporation to his own use, and permits it to lie dormant, holds such assets as trustee for the creditors of the corporation, and, upon a finding that the assets so converted exceeded the claim of the creditor, a personal judgment was properly rendered against him upon such claim.

Corporations, 14 C. J. pp. 969 n. 48; 1133 n. 50.

Action in the district court for Dakota county to rescind a contract. The case was tried before Converse, J., who rendered judgment in favor of plaintiff. Defendant appealed from an order, Schultz, J., denying his motion for a new trial. Affirmed.

*McDonald, Johnson & Collins,* for appellant.

*Charles J. Andre,* for respondent.

HOLT, J.

Plaintiff sued to rescind a contract made with defendant and completely carried out. Thereby defendant obtained all the stock

[1]Reported in 207 N. W. 620.

issued by The Segal Dry Goods Company, a domestic corporation, and consequently came into possession of all its property, and plaintiff received a stated amount in cash, a farm subject to mortgages, and $6,000 in notes of the corporation, secured by a second mortgage executed by it upon a store building in which its business had been conducted. The court found that defendant had not been guilty of any fraud or misrepresentation as to the farm or in not giving his personal notes instead of the corporation's for the $6,000, consequently a rescission could not be decreed. But the complaint contained the allegation that, in furtherance of the intent to defraud plaintiff, "and shortly after the execution and delivery of said notes and mortgage to plaintiff, defendant converted and appropriated all of the corporation's assets to his own use, and sold and disposed of the same to others, and thereby rendered the corporation insolvent; that he thereupon abandoned the corporation, and the latter has ceased to function as such." It was also alleged that when the notes were accepted the corporation was solvent and the notes were worth their full face value. The ninth finding of fact is:

"That since the transactions herein described in paragraphs 6 and 7, the defendant as sole owner of the Segal Dry Goods Company, has so managed and controlled such corporation and the property thereof as to turn over and convert to himself and has converted to himself for his own use most of the assets of said corporation amounting to more than $7,000.00, and said corporation as such has gone out of business and ceased to operate and function as a going concern or entity in any manner whatsoever, and that it now has no property or assets of any description."

The court, as conclusion of law, directed judgment to be entered against defendant for the unpaid amount of the $6,000 promissory notes of the corporation, the mortgage security having been extinguished by foreclosure of a prior mortgage. The assignments of error are not sufficient to raise any other question than the one whether the findings of fact warrant the conclusion of law. The latter is

obviously grounded on the ninth finding of fact, which is in no way challenged, nor could it well be on this record.

Although the main object of the suit failed, the complaint tendered the issue embodied in the ninth. finding of fact, and asked for such other or further relief as the court could give. And the question is: Could the court grant a personal judgment against defendant?˙ Had the corporation been joined in the action, there could have been no doubt of plaintiff's right to the judgment directed under the provision of G. S. 1923, § 7465, subd. 3. Defendant, the owner and holder of all the issued stock of the corporation, has converted its property to the extent of over $7,000 to his own use, and left the corporation without anything to pay creditors. He being the only shareholder, it cannot function at all, except by or through him, and he allows it to lie dormant.

Authorities are not wanting for the proposition that officers or shareholders who thus acquire the corporation and all its assets, are chargeable as trustees in favor of the creditors of the corporation. Nat. New Haven Bank v. N. W. Guaranty Loan Co. 61 Minn. 375, 63 N. W. 1079; Bank of St. Marys v. St. John, Powers & Co. 25 Ala. 566; Fulton Auto Supply Co. v. Sullivan, 148 Ga. 347, 96 S. E. 875; In re Brockway Mnfg. Co. 89 Me. 121, 35 Atl. 1012, 56 Am. St. 401; Darcy v. Brooklyn & N. Y. Ferry Co. 196 N. Y. 99, 89 N. E. 461, 26 L. R. A. (N. S.) 267, 134 Am. St. 827; Angle v. Chicago, St. P. M. & O. Ry. Co. 151 U. S. 1, 14 Sup. Ct. 240, 38 L. ed. 55. In the Maine case the court said:

"Creditors may. hold the company's agents liable for wasting assets which are needed to satisfy their claims, on the ground that it constitutes a misapplication of trust funds. * * * So long as he [the treasurer] held the money in the treasury of the corporation, it was there to answer for its debts if necessary; and it should have been devoted to that object so long as it might be required for that purpose. If he withdrew it, except according to law, he did so subject to that trust—the trust for the payment of debts of the corporation, and needed for that purpose, Williams v. Boice, 38 N. J. Eq. 364; and it is immaterial whether he got

the money by fair agreement with his associates or by a wrongful act."

Here the court finds that defendant appropriated for his own use all of the assets of the corporation, and more than enough to pay the amount due plaintiff. Mr. Justice Brewer in the Angle case, supra, where the defendant had become the sole stockholder of a corporation indebted to plaintiff, says: "The Portage Company, a corporation, owed Angle $200,000. It had property with which that debt could be paid. The Omaha Company became the sole stockholder in the Portage Company. As such sole stockholder, it used its powers to transfer the property of the Portage Company to itself, and its conduct all the way through was marked by wrongdoing. Whatever the Portage Company might do, Angle may rightfully hold the sole stockholder responsible for that payment, which the corporation would have made but for the wrongful acts of such stockholder." In that case the Portage Company was made a party to the bill, but was not served.

Should relief have been denied because the corporation was not also a party to the action? Section 7466 provides: "The private property of a stockholder shall not be levied on for any liability specified in § 7465, unless both he and the corporation are duly served with process in the action, and the issue involving his individual liability is raised and determined therein * * * and individual property which can be found has been exhausted." Even if this section indicates that the recovery is not under § 7465, it would seem proper upon equitable principles that judgment should go against defendant. Defendant converted without lawful right the entire assets of the corporation. To all practical purposes nothing remains to the creditors except the stockholders' double liability. This entire liability is against defendant alone, the sole owner of all shares of stock issued. Therefore no good reason appears for obtaining judgment against the corporation, which would be futile and to no purpose. The final resort would, in any event, be to defendant. The Angle case, supra, lends support to the proposition that the proceedings may be direct against the

sole shareholder of a defunct corporation. Union Coal Co. v. Wooley, 54 Okla. 391, 154 Pac. 62, 19 A. L. R. 312, also justifies a direct action against the officers of the corporation who have unlawfully absorbed its assets, leaving its creditors in the lurch. There, however, a judgment had been obtained against the corporation previous to the action against the officers. That, however, ought to be no more than a formality under the facts appearing in the case at bar. If there should be any obstacle in § 7466 above quoted in levying execution on the property of defendant, because of the fact that the corporation is not a party to this judgment, we do not think this a valid reason for reversing a just judgment against defendant. The obstacle may yet be removed by proper proceedings.

Refusal to reopen the case was within the discretion of the trial court.

The order denying a new trial is affirmed.