EDWARD H. GARCIN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 21657.   Promulgated March 31, 1931.

*Leonard Belford, Esq.*, for the petitioner.
*J. E. Mather, Esq.*, and *J. A. Lyons, Esq.*, for the respondent.

1032

1034

OPINION.

MCMAHON: The respondent has determined that petitioner is liable to the extent of $66,388.54 as a transferee of the assets of the Asbestos & Rubber Works for the unpaid income and profits taxes in the amount of $76,995.93 assessed against such company for the years 1918, 1919, and 1920.

Section 280 of the Revenue Act of 1926 provides in part as follows:

(a) The amounts of the following liabilities shall, except as hereinafter in this section provided, be assessed, collected, and paid in the same manner and subject to the same provisions and limitations as in the case of a deficiency in a tax imposed by this title (including the provisions in case of delinquency in payment after notice and demand, the provisions authorizing distraint and proceedings in court for collection, and the provisions prohibiting claims and suits for refunds.

(1) The liability, at law or in equity, of a transferee of property of a taxpayer, in respect of the tax (including interest, additional amounts, and additions to the tax provided by law) imposed upon the taxpayer by this title or by any prior income, excess-profits, or war-profits tax Act.

Section 602 of the Revenue Act of 1928 provides:

Title IX of the Revenue Act of 1924, as amended, is further amended by adding at the end thereof one new section to read as follows:

" TRANSFEREE PROCEEDINGS

" SEC. 912. In proceedings before the Board the burden of proof shall be upon the Commissioner to show that a petitioner is liable as a transferee of property of a taxpayer, but not to show that the taxpayer was liable for the tax."

The petitioner contends that section 280 of the Revenue Act of 1926 is unconstitutional. We have heretofore held that a petitioner, having invoked section 280 to secure a redetermination, may not question its validity. *Henry Cappellini*, 14 B. T. A. 1269. See also *Phillips* v. *Commissioner*, 42 Fed. (2d) 177.

The burden of proof in the instant proceeding is upon the respondent to show that the petitioner is liable as a transferee.

Section 602 of the Revenue Act of 1928. Assuming that burden, the respondent introduced in evidence certain exhibits and the testimony of S. R. Zimmerman, president of the United States Asbestos Company. At the conclusion of the introduction of respondent's proof, counsel for the petitioner moved for judgment on the ground that the respondent had failed to sustain the burden of proving that the petitioner is liable as a transferee. This motion was taken under advisement and the petitioner proceeded to introduce further proof upon the question of whether petitioner is liable as a transferee and also upon the question of the statute of limitations.

The evidence discloses that on January 5, 1920, petitioner entered into a contract with the United States Asbestos Company whereby he agreed to sell to that company all his common and preferred stock in the Asbestos & Rubber Works. Under the agreement, which we have set forth in our findings of fact, the United States Asbestos Company was granted certain options in the manner of payment of the purchase price of the stock, which we need not set forth in detail here. The parties are agreed that the contract for the sale of the stock was made in good faith and without intent to defraud the creditors of the Asbestos & Rubber Works. The respondent apparently contends, however, that the consummation of the transaction resulted in petitioner's securing certain assets of the Asbestos & Rubber Works, thereby depleting that corporation's assets to the detriment of its creditors.

The evidence discloses that a " short cut " was employed whereby petitioner received the cash which the Asbestos & Rubber Works had on hand and the excess of its accounts receivable over its accounts payable, the total received by petitioner being $46,934.44. After the transaction in question there remained to the Asbestos & Rubber Works certain office furniture, merchandise, patterns, good will, trade-marks, trade names and unfilled contracts. The Asbestos & Rubber Works was not dissolved, but continued in operation for a year or a year and a half after this transaction took place. Zimmerman testified that the Asbestos & Rubber Works was solvent at the time the contract was made and continued so for a year or a year and a half thereafter. Upon cross-examination he testified that in arriving at this conclusion he had not taken into consideration the asserted Federal taxes which are the basis of the liability questioned in this proceeding.

A close scrutiny of the evidence discloses that while the transaction in question took the form of a sale of petitioner's stock in the taxpayer company to the United States Asbestos Company, the real fact is that the petitioner, by virtue of his position as sole stockholder of the taxpayer corporation, withdrew from such taxpayer

assets of the value of $46,934.44. We have not been furnished with evidence as to the exact value of the assets remaining in the taxpayer corporation, but from the evidence we believe it clear that these did not have a value greatly in excess of $21,500. This was the amount fixed by the petitioner and the United States Asbestos Company as the value of the remaining inventory of merchandise, patterns, good will, etc., plus one-half of the estimated value of the remaining unfilled contracts. Even if we assume that the merchandise, patterns, good will, etc., were of only nominal value and that the unfilled orders remaining to the taxpayer corporation had a value of $43,000, the value of the assets remaining to the taxpayer corporation would still be less than the amount of taxes assessed against that corporation for the years 1918, 1919, and 1920 in the amount of $76,995.93. The value of the assets would, in fact, be less than the amount of the 1918 taxes ($63,133.74) due and payable at the time of the transaction in question.

It is well settled that if a stockholder withdraws assets of a corporation, rendering it insolvent, he is liable, as a transferee, to the creditors of the corporation. In *Samuel Keller et al.*, 21 B. T. A. 84, we stated:

So it seems to us that the important question for us to determine in this proceeding is whether, at the time the assets named in our findings of fact were transferred to petitioners, the corporation was made insolvent thereby. If it were made insolvent thereby, then unquestionably petitioners are liable as transferees under section 280 of the Revenue Act of 1926, as construed by the courts and the decisions of this Board.

In determining the question of insolvency, the liability for the taxes involved in this proceeding should be considered, although such liabilities were unknown at that time. A tax retroactively and subsequently levied is a potential liability of a corporation of which the stockholders must take notice. *United States v. Keaton*, 26 Fed. (2d) 227; *Updike v. United States*, 8 Fed. (2d) 913. * * *

See also *Curran v. State of Arkansas*, 15 How. 304; *United States v. Courts et al.* (not reported), decided June 13, 1929, by the United States District Court, Eastern District of Oklahoma; *McDonald v. Williams*, 174 U. S. 397; *Hatch v. Morosco Holding Co.*, 34 Fed. (2d) 579; and *Fulton Auto Supply Co. v. Sullivan*, 148 Ga. 347; 96 S. E. 875.

While it is true that the burden is upon the respondent to show that petitioner is liable as a transferee of the assets of the taxpayer, yet that burden has been met if the respondent has made out a prima facie case. *C. A. Hutton*, 21 B. T. A. 101. From a consideration of all the evidence in the instant proceeding, we must conclude that the respondent has made a prima facie showing that the petitioner is liable as a transferee and that petitioner has not rebutted such prima facie case. Accordingly, the petitioner's motion for judgment on the ground that respondent has failed to sustain the burden of

proving that petitioner is liable as a transferee is hereby denied. Since a transferee's liability is measured by the value of the assets received by him (*Annie G. Phillips et al., Executors*, 15 B. T. A. 1218; affd., *Phillips* v. *Commissioner*, 42 Fed. (2d) 177), the liability of the petitioner for unpaid taxes of the taxpayer corporation is limited to $46,934.44, plus interest from January 5, 1920, at the rate of six per cent per annum, being the legal rate of interest provided by the laws of the State of New York. *Henry Cappellini*, 16 B. T. A. 802 ——.

We now turn to a consideration of whether the statute of limitation bars collection of the liability of the petitioner as a transferee.

Section 280 (b) of the Revenue Act of 1926 provides:

The period of limitation for assessment of any such liability of a transferee or fiduciary shall be as follows:

(1) Within one year after the expiration of the period of limitation for assessment against the taxpayer; or

(2) If the period of limitation for assessment against the taxpayer expired before the enactment of this Act, but assessment against the taxpayer was made within such period,—then within six years after the making of such assessment against the taxpayer, but in no case later than one year after the enactment of this Act.

(3) If a court proceeding against the taxpayer for the collection of the tax has been begun within either of the above periods—then within one year after return of execution in such proceeding.

The final return of the Asbestos & Rubber Works for 1918 was filed on June 20, 1919, and the period for assessment and collection of the tax against the taxpayer expired on June 20, 1924. The return for 1919 was filed on March 15, 1920, and the period within which assessment and collection could be made against the taxpayer expired on March 15, 1925. The return for 1920 was filed on March 15, 1921, and the period expired on March 15, 1926. Assessment against the taxpayer for all three years was made on February 19, 1924.

As to the year 1920, since the period for assessment against the taxpayer did not expire until after the passage of the 1926 Act, section 280 (b) (1) is applicable. Notice of proposal to assess petitioner as transferee was mailed on October 5, 1926, which was within one year after the passage of the 1926 Act and was, therefore, timely. See *Louis Costanzo*, 16 B. T. A. 1294; *Caroline J. Shaw, Executrix*, 21 B. T. A. 400; and *The Newport Co.*, 22 B. T. A. 833.

With regard to the years 1918 and 1919, a different situation arises. Subdivision (b) (3) of section 280, *supra*, provides that if a court proceeding against the taxpayer for the collection of a tax has been begun within either of the periods set forth in subdivisions (1) or (2), the assessment against the transferee shall be made within one year after the return of execution in such proceeding. Since sub-

division (b) (1) applies only when the period of limitation for assessment against the taxpayer expires after the passage of the 1926 Act, and such is not the case with regard to these years, we are concerned only with the question whether the court proceeding was brought within the time provided in subdivision (b) (2). Proceedings for the collection of the tax against the taxpayer were begun on March 15, 1924, which was within the statutory five-year period for assessment and collection, and which is the period stated in subdivision (b) (2) of section 280. See *Caroline J. Shaw, Executrix, supra, E. N. Ennis et al.*, 21 B. T. A. 406, and *The Newport Co., supra*. The return of execution was made on July 21, 1926, which was less than one year prior to the respondent's notice of proposal to make assessment against the petitioner as transferee.

The petitioner contends, however, that this subdivision has no application here. It is his position that the judgment of the District Court is void because neither a summons, citation, or any process whatsoever was served on any officer, director or agent of the Asbestos & Rubber Works, and that neither Norment nor Garcin was an officer, director or agent of that company in May, 1925. He further contends that the summons was not served within 60 days from the time the petition was filed with the Court in accordance with sections 16 and 17 of the Civil Practice Act of the State of New York.

This is a collateral attack by the petitioner upon the judgment of a court. Courts are very slow to hold that the judgment of another court is void when attacked collaterally. The only grounds upon which such an attack can be made is that the judgment was procured by fraud or that the court rendering it did not have jurisdiction. Such want of jurisdiction must affirmatively appear on the face of the record. See 34 C. J. 511 and 528; *Thompson v. Whitman*, 18 Wall. 457. Moreover, a defect in the form or manner of the summons or in a procedural matter does not deprive the court rendering it of jurisdiction.

In *Cooper v. Reynolds*, 10 Wall. 308, the Supreme Court of the United States held that when a judgment is attacked collaterally it is of no avail to show that there are errors in the record in procedural matters unless they be such as to show that the court has no jurisdiction. The parties in that case were claiming that the court in which the judgment was rendered had no jurisdiction because the affidavit was defective, there was no service made of the summons, and there was no publication notifying the defendants to appear as required by statute. That was an attachment proceeding and the Supreme Court held that since the lower court had jurisdiction of the *res*, its judgment was valid regardless of the fact that the summons was not served nor publication had against the defendants as

required by State law. See also *In re Lennon*, 166 U. S. 553, and *Thompson* v. *Thompson*, 226 U. S. 561.

In the instant proceeding the judgment roll offered in evidence shows that the proceeding was filed in the Southern District of New York, that the marshal was unable to find the defendant at its supposed office address, that he served the summons on R. T. Norment in Pennsylvania, and that a copy of this summons was served on Garcin in New York on May 25, 1925. Both Norment and Garcin failed to appear and a default judgment was rendered in favor of the United States, the plaintiff in the proceeding. The Court, having all the above facts before it, took jurisdiction of the proceeding and rendered judgment thereon, upon which execution was delivered, issued and returned unsatisfied. In such a situation we do not believe that this judgment can be attacked collaterally upon the grounds claimed by the petitioner.

We must, therefore, hold that the suit in the District Court was a valid proceeding and that the assessment and collection of the petitioner's liability as a transferee of the assets of the Asbestos & Rubber Works of America, Inc., for the taxes of that company for the years 1918 and 1919 are not barred by the statute of limitations.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*