BUTTERSWORTH *v.* SWINT.

No. 10729. NOVEMBER 15, 1935.

*McCullar & McCullar,* for plaintiff.

*M. J. Yeomans, attorney-general, B. D. Murphy* and *J. T. Goree, assistant attorneys-general,* and *Sibley & Allen,* for defendant.

RUSSELL, Chief Justice. Mrs. Ola Resseau Buttersworth filed a petition against Dr. R. C. Swint, which she denominates as being "in equity." She alleges that the defendant is superintendent of the Georgia State Sanitarium at Milledgeville, and was such superintendent from May, 1926, until September, 1928; that during this time the petitioner was employed as an attendant at said institution, and while in the discharge of her duties as such attendant suffered an injury which produced an umbilical rupture; that the defendant, though charged with the duty of rendering proper medical care to petitioner and other employees at the sanitarium, refused to allow her to be operated on for the injury, stating that if she would wear an abdominal support an operation would not be necessary; that thereafter she followed this advice and wore such support; that as a result of the refusal of the defendant to allow petitioner to be operated on, her condition, due to said rupture, became worse, and in September, 1928, she was compelled, on account of the condition of her health, to resign her position; that in May, 1934, her condition was such that other physicians whom she consulted advised that an immediate operation was necessary for said rupture, and petitioner was then operated on, when for the first time she ascertained the true extent of the injury done her by the conduct of the defendant; and that shortly before said operation petitioner discovered that the defendant had neglected and mistreated her on account of ill feeling on the part of defendant toward petitioner's husband. Paragraph 51 of the petition is as follows: "Petitioner has no adequate remedy at law. The peculiar circumstances of the case make it

necessary, as shown by the petition, that a court of equity assume jurisdiction of defendant's fraud, and in order that the statute of limitations may be decreed to not commence until plaintiff discovered defendant's malicious attitude towards her and until she discovered by the operation undergone on May 19, 1934, as to the full extent of her injuries and defendant's malpractice and unprofessional advice and actions." The concluding paragraph is as follows: "Petitioner waives discovery, and comes into this equity court and prays as follows: A. That she have judgment against the defendant for $25,000 for damages to her health. B. That she have additional damages for such amounts as the court and jury may deem equitable for her past physical pain and suffering. C. That she have further judgment as the court and jury may deem equitable for her future physical pain and suffering. D. That she have such further damages as the court and jury may deem equitable for her mental suffering. E. That she recover nominal damages in such amounts as the court and jury may deem equitable for defendant's mistreatment of her. F. That she have punitive damages in such amounts as the court and jury may further deem she is entitled to receive for the defendant's malicious punishment and mistreatment of her. G. That she have damages at the rate of $60 per month from September 10, 1928, to date of judgment, plus interest, or such amounts as the court and jury may deem she is entitled to recover as actual reimbursement of salary which she would have received except for defendant's negligence. H. That she have such further judgment as the tables of mortality show and the court and jury deem she is entitled to receive for prospective salary which she could obtain for services had her health not been ruined by the defendant's negligence. I. That she be allowed her reasonable attorney's fees of the defendant, in such amounts as the court and jury may deem she is entitled to receive because of the defendant's bad faith. J. That she receive such further special damages as the court and jury may deem she may be entitled to receive. K. That she receive such further general damages as the court and jury may deem she is entitled to receive. That process issue, requiring the defendant to be and appear at the next term of this court to answer this suit. And defendant [plaintiff] will ever pray." The court dismissed the petition on demurrer. The plaintiff sued out a bill

of exceptions to this court, assigning error on that judgment and on exceptions pendente lite which had been preserved to certain antecedent rulings of the court.

It is alleged that the malpractice and neglect occurred more than two years before the institution of the suit, but it is averred that the delay in filing the suit was due to the fraudulent conduct of the defendant, and that about that date the petitioner for the first time ascertained the extent of the injury done her, and that it was attributable to his conduct; that it was not until then, in May, 1934, that petitioner discovered that the defendant had neglected and mistreated her on account of ill feeling on the part of the defendant towards petitioner's husband. Though the action is denominated as one in equity, the provisions of § 3-807 of the Code of 1933 do not require an application of any equitable principles. If the plaintiff has been debarred or deterred by fraud of the defendant from bringing his action, the statute of limitation does not begin to run until the discovery of the fraud, and the intervention of equity is not necessary to establish the right provided by the Code section. The sole prayer of the petition is for a money judgment for specified items of damages. So in these circumstances the Court of Appeals has jurisdiction, and the Supreme Court is without jurisdiction.

*Transferred to the Court of Appeals. All the Justices concur.*