25134. LEE *et al. v.* HOLMAN *et al.*

. DECIDED FEBRUARY 6, 1936.

*Dorsey & Meeks,* for plaintiffs in error.
*R. E. Lee, McDonald & McDonald,* contra.

SUTTON, J. Mrs. S. B. Holman brought suit against Mrs. W. H. Lee individually and as administratrix of the estate of W. H. Lee, against Anne Harriet Lee, the infant daughter of Mrs. W. H. Lee and her deceased husband, W. H. Lee, against R. E. Lee, and against the Metropolitan Life Insurance Company. The plaintiff made substantially this case in her petition: On September 16, 1919, R. E. Lee and W. H. Lee executed a promissory note for $2,000 in favor of the Atlanta Trust Company, due October 1, 1924. The trust company indorsed and delivered this note to the life insurance company, which became the holder thereof in due course. Simultaneously with the execution of the note R. E. and W. H. Lee executed and delivered to the trust company a deed to certain land to secure the note. W. H. Lee died and left surviving him his wife, Mrs. W. H. Lee, and their minor daughter, Anne Harriet Lee. On November 18, 1919, the trust company conveyed and transferred the land and the security deed to the insurance company. The plaintiff is the sister of W. H. Lee and R. E. Lee. On October 10, 1924, her brothers, who were already indebted to her on a thousand-dollar note, being unable to pay the note to the insurance company, entered into negotiations with the plaintiff relative to its payment; and they agreed with her that if she would advance the money to pay off this note she should become subrogated to the rights of the insurance company, the holder, and that she should have the same lien on the realty conveyed to secure the note that the insurance company had. In accordance with this agreement, the plaintiff paid off the note to the insurance company, and the note and the security deed were delivered to her, and she now has the possession of them. She paid $1,700 to the insurance company, this being the balance due on the note. She contends that she is entitled to be subrogated to all the rights and remedies of the insurance company against W. H. Lee and R. E. Lee, and, in view

of the fact that W. H. Lee is dead, against his representatives and heirs, and therefore that she is entitled to have a judgment against the administratrix of W. H. Lee and against R. E. Lee for $1,700 plus accrued interest, and is also entitled to a special lien on the real estate, dating from September 16, 1919. She prayed that a guardian ad litem be appointed for the minor defendant daughter and heir at law of W. H. Lee, deceased, and for judgment for the amount of principal and interest paid by her on the note of W. H. Lee and R. E. Lee to the insurance company, plus accrued interest; that the judgment be declared to be a special lien against the real estate; and that the real estate be sold to satisfy the judgment, and the purchaser thereof obtain a fee-simple title to the premises. Mrs. W. H. Lee, individually and as administratrix, and as guardian ad litem for Anne Harriet Lee, demurred to the petition on the ground that it did not set forth any cause of action at law or in equity against the defendants or either of them. The judge overruled this demurrer, and the defendants excepted.

1. Two kinds of subrogation are known to the law, legal and conventional. Legal subrogation arises by operation of law. Conventional subrogation depends upon a lawful contract, and occurs where one having no interest or any relation to the matter pays the debt of another, and by agreement is entitled to the securities and rights and remedies of the creditor so paid. *Federal Land Bank* v. *Barron,* 173 *Ga.* 242 (160 S. E. 228); *Cornelia Bank* v. *First National Bank,* 170 *Ga.* 747 (154 S. E. 234); *Benenson* v. *Evans,* 162 *Ga.* 578 (134 S. E. 441); *Erwin* v. *Brooke,* 159 *Ga.* 683, 685 (126 S. E. 777), and cit.; *Hiers* v. *Exum,* 158 *Ga.* 19 (122 S. E. 784); *Wilkins* v. *Gibson,* 113 *Ga.* 31 (38 S. E. 374, 84 Am. St. R. 204); *Merchants Bank* v. *Tillman,* 106 *Ga.* 55 (31 S. E. 794).

2. "The doctrine of subrogation is a pure unmixed equity, having its foundation in principles of natural justice." Ætna Life Ins. Co. *v.* Middleport, 124 U. S. 534 (8 Sup. Ct. 625, 31 L. ed. 537); *Hiers* v. *Exum,* supra. So where one pays or advances money to pay a note of another person, secured by deed to realty, this being done at the instance of the debtor and maker, and under an agreement that the person so paying will be entitled to the security held by the creditor and to all the rights and remedies of the creditor whose claim is thus paid, such person will be subrogated as against the debtor and all liens and claims inferior to the lien so paid;

and in a proper case equity will come to the relief of the payer and subrogate him, that is enforce against the debtor or his heirs and representatives the agreement as made; provided, of course, there are no intervening equities. In such a case it is necessary that resort be had to equity to enforce such agreement against the debtor; otherwise by operation of law, when the debt is paid and the encumbrance extinguished, the lien on the property of the debtor next in dignity would take its place. See *Wilkins* v. *Gibson,* supra; *McCowan* v. *Brooks,* 113 *Ga.* 532 (39 S. E. 115); *Mortgage Guarantee Co.* v. *Atlanta Com. Bank,* 166 *Ga.* 412 (143 S. E. 562); *Thomas* v. *Lester,* 166 *Ga.* 274 (142 S. E. 870); *Colonial Hills Co.* v. *Mortgage Bond &c. Co.,* 174 *Ga.* 204 (162 S. E. 531), et seq.; 60 C. J. 898. It is evident that the plaintiff is seeking to bring her case within the foregoing doctrine; and this being so, it is an equitable action. The case being one in equity, the Supreme Court, and not this court, has jurisdiction of the writ of error.

*Transferred to the Supreme Court. Jenkins, P. J., and Stephens, J., concur.*