REGAL TEXTILE COMPANY *et al.* v. FEIL.

No. 13005.   JANUARY 10, 1940.

*Claude Christopher, Morgan S. Canley,* and *J. R. Terrell,* for plaintiffs in error.

*Beck, Goodrich & Beck* and *William H. Beck Jr.,* contra.

REID, Chief Justice. Otto F. Feil brought suit in the superior court of Lamar County against Regal Textile Company Inc. (hereinafter referred to as the defendant company or corporation), J. C. Collier, and D. C. Collier, for $1000. The plaintiff alleged that on August 27, 1936, he entered into a contract with the defendant company, whereby in consideration of the payment of $500 he was given a thirty-day option to purchase certain real and personal property known as the Eatonton Cotton Mills, located at Eatonton, Georgia, for the sum of $15,300. It was expressly agreed in the contract that the $500 and any additional sums paid in renewal of the option were to be considered as part payment of the purchase-price, should the option be exercised. It was further expressly agreed that petitioner would have the right to extend the option for thirty days on payment of $500. He renewed the option on each of the following dates, and paid on each renewal an additional sum of $500: September 25, 1936, October 21, 1936, November 21, 1936, December 24, 1936, January 22, 1937, and February 20, 1937. On March 9, 1937, while said option was in force petitioner exercised his right thereunder to purchase said property, and on that date paid to the defendant company an additional sum of $2800. On the same day an additional agreement was executed by the parties, wherein it was recited that the purchase-price of said property was $15,300, and that petitioner had paid $5300, leaving a balance due of $10,000. The defendant company agreed therein to accept petitioner's note for this balance, due six months from date. On March 10, 1937, the defendant company executed and delivered to petitioner a warranty deed to the property, and at the same time petitioner executed a promissory note in favor of the defendant company for $10,000 in accordance with their agreement. On September 18, 1937, plaintiff paid said note in full. Before March 9, 1937, the date on which the additional agreement was made, petitioner had actually paid to the defendant company $3500, which, together with the additional payment of $2800 made on said date, made a total payment of $6300, instead of $5300 as recited in

the contract. The warranty deed executed by J. C. Collier as secretary and treasurer and D. C. Collier as president of the defendant company recited a consideration of $15,300. The payment of this sum of $6300, plus the payment of $10,000, amounted to an overpayment on the purchase-price of said property of $1000, which was the result of a mutual mistake of the parties. When he paid the sum of $2800 on March 9, 1937, petitioner was under the impression that he had paid only $2500 instead of $3500. In view of these facts the defendant company became indebted to plaintiff in the sum of $1000, which it has failed and refused to pay. The defendant company is insolvent, and had ceased to be a going concern before August 27, 1926 [1936]. J. C. Collier and D. C. Collier were the only stockholders of the defendant company. The property purchased by petitioner constituted the capital assets of the defendant company, and the proceeds derived from the sale thereof constituted a trust fund for the payment of its debts. Nevertheless J. C. Collier and D. C. Collier wrongfully appropriated the proceeds of said sale to their own use, and by reason of said misapplication of said capital assets they are personally liable to petitioner for the debt of the defendant company. The prayers of the petition were: (a) that petitioner have judgment against Regal Textile Company Inc., J. C. Collier, and D. C. Collier, for $1000 and interest; and (b) for process.

The defendants answered, and by agreement of the parties the judge submitted the case to an auditor, who, after a hearing, filed his report including his findings of fact and law. His findings were in favor of the plaintiff against the Regal Textile Company Inc., and D. C. Collier, and in favor of J. C. Collier. The losing defendants filed a motion to recommit the case to the auditor, and filed also their exceptions to his findings of fact and law. The judge overruled the motion to recommit, and the defendants assign error. After argument, the judge passed an order holding that the case was one in equity, disallowed the exceptions to the findings of law, and overruled the exceptions to the findings of fact, and refused to submit them to the jury, and entered judgment against the defendant company and D. C. Collier. These defendants excepted.

■ The question of first importance is whether the action is at law or in equity. If the action is not one in equity, this court is without jurisdiction of the writ of error, and it should be trans-

ferred to the Court of Appeals. Code, §§ 2-3005, 24-4527, 24-3609. Also, if it is not an action in equity, but one at law, the judge erred in not submitting the exceptions of fact to a jury. § 10-402. A case may begin as an action in equity; but, in its progress the equitable features may become eliminated, so that the final judgment would be such that this court would have no jurisdiction to review the exception to it, but would have to transfer the case to the Court of Appeals for decision. See *Bartlett* v. *Walker*, 189 *Ga.* 154 (5 S. E. 2d, 373), and cit.; *Henley* v. *Colonial Stages South Inc.*, 184 *Ga.* 445 (191 S. E. 445); *Frigidice Co.* v. *Southeastern Fair Asso.*, 186 *Ga.* 263 (197 S. E. 804); *Frazier* v. *Beasley*, 186 *Ga.* 861 (199 S. E. 194); *Fuller* v. *Calhoun National Bank*, 186 *Ga.* 770 (119 S. E. 116). "Where an action is brought in a superior court, which may exercise equity jurisdiction, the question whether it is a suit in equity is determined by the allegations and prayers." *Henderson* v. *Curtis*, 185 *Ga.* 390, 392 (195 S. E. 152); *Mulherin* v. *Neely*, 165 *Ga.* 113 (139 S. E. 820); *Griffin* v. *Securities Investment Co.*, 181 *Ga.* 455 (182 S. E. 594). We think that the rule is that in order for an action to be treated as one in equity the pleader must allege or seek to allege such a cause of action as is cognizable only in a court of equity, according to the historical jurisdiction of such courts as modified by statute, as distinguished from those causes of action which are cognizable at law; and the prayers or some of them must be such as are appropriate to equitable relief in the particular situation. *Fowler* v. *Davis*, 120 *Ga.* 442 (47 S. E. 951); *Bernstein* v. *Fagelson*, 166 *Ga.* 281, 287 (142 S. E. 862); *Jasper School District* v. *Gormley*, 184 *Ga.* 756 (193 S. E. 248); *Dobbs* v. *Federal Deposit Insurance Co.*, 187 *Ga.* 569 (1 S. E. 2d, 672); *O'Callaghan* v. *Bank of Eastman*, 180 *Ga.* 812, 817 (180 S. E. 847); *Atlanta Coach Co.* v. *Simmons*, 181 *Ga.* 67 (181 S. E. 762); *Buttersworth* v. *Swint*, 181 *Ga.* 430 (182 S. E. 520); *Watkins* v. *Woodbery*, 148 *Ga.* 249 (96 S. E. 338). While an ordinary cause of action for money had and received, or for money paid by mistake or (as it is now often called) for unjust enrichment, is one now cognizable at law (*Jasper School District* v. *Gormley*, supra, and cit.), the allegations of the petition in the present case assert more than a cause of action of this character. The further characterizing features beyond the mere overpayment of the debt and the receipt of the money by the defendant company, as a result

of the mistake, are found in the allegations that the property purchased constituted the entire capital assets of the corporation, and that the defendants, who were the sole officers and stockholders of the corporation, appropriated to their own use the consideration paid, thereby rendering the corporation insolvent, and giving to themselves an unlawful preference or advantage. In such case the plaintiff, a creditor of the defendant corporation, may hold not only the corporation responsible for the overpayment, but also the individual defendants. Equity is the proper forum for the enforcement of the cause of action arising against the corporation and its directors in such a case. Code, §§ 22-709, 108-425; *Tatum* v. *Leigh,* 136 *Ga.* 791 (2) (72 S. E. 236, Ann. Cas. 1912C, 216); *McEwen* v. *Kelly,* 140 *Ga.* 721 (79 S. E. 777); *Fulton Auto Supply Co.* v. *Sullivan,* 148 *Ga.* 347 (96 S. E. 875).

In *Tatum* v. *Leigh,* supra, it was said: "Where a private corporation, owing a debt on which a suit is pending, ceases to carry on the corporate business and sells all of its property, and its officers, being its only stockholders, appropriate all of the proceeds of sale to their individual use, thus leaving no other assets from which to pay the corporate debt; in an equitable suit by the creditor against the corporation and officers for the purpose of charging the latter as trustees and as liable for the debt, the corporation, upon facts as just stated, is to be regarded as in a state of insolvency. . . Under facts as above enumerated, the officers of the corporation would be under duty to apply the proceeds of sale primarily to the payment of the debts of the corporation, and could not for their personal benefit lawfully apply such proceeds to the payment of existing debts owing to them individually." In *Fulton Auto Supply Co.* v. *Sullivan,* supra, it was held: "Where the sole owner of all the stock of a private corporation appropriated all of its assets to his individual use, thereby rendering the corporation insolvent, he became liable for the debts of the corporation, which were less in amount than the value of the assets so misappropriated. . . In such circumstances a suit in equity against the corporation and the stockholder would lie in favor of a creditor of the corporation, without first suing the corporation to judgment and having nulla bona entered on the execution issued therefrom; and the suit would not be bad for misjoinder of causes of action or parties defendant." See 3 Pomeroy's Eq. Jur. § 1046, and cit. Equity also has

concurrent jurisdiction with law in cases of fraud (Code, § 37-701); and it is a legal fraud for directors of a corporation, who are its sole stockholders, to appropriate the entire capital assets of the corporation to their own use, thereby rendering the corporation insolvent and incapable of satisfying its creditors. Equity also has jurisdiction in a proper case to prevent circuity of action, or, as often expressed, a multiplicity of suits. The right to recover the corporate funds misapplied by the officers is primarily in the corporation. The plaintiff's right of action is primarily against the corporation, and his action against the officers is derivative. In the present case the officers who misappropriated the funds of the corporation were its sole officers and stockholders; i. e., they were the corporation. In such case equity gives a more adequate remedy than law, in that it will entertain an action by the plaintiff against both the corporation (a necessary party in such suit) and the officers, in the same suit. We are of the opinion, under the authorities cited, that the plaintiff asserted a cause of action cognizable in equity.

Does the petition contain a prayer for equitable relief appropriate to remedying or redressing the wrong complained of? While the only prayer is for a money judgment, such a judgment against the corporation and the defendant officers who diverted the corporate assets seems to be an appropriate, if not the only appropriate, remedy for such a situation. Certainly a prayer for injunction was not appropriate; nor for a receivership, since the individual defendants were solvent. The plaintiff's right was not to recover any tangible or specific object. He had overpaid the corporation $1000 in money, which the defendant officers and stockholders had wrongfully and in violation of their duty taken from the corporation. His right was in equity to recover the amount of his overpayment; and thus it seems that he prayed for the only judgment to which he was entitled. The mere fact that the only judgment sought is a money judgment clearly does not show that the action is one at law. Where a debtor conveys his property to another, and as part of the transaction the purchaser agrees to assume and pay the debts of the vendor, equity will enforce the promise at the instance of the creditor, with proper pleadings and parties, though the creditor be not a party to the agreement. *Sheppard* v. *Bridges,* 137 *Ga.* 615 (74 S. E. 245); *Reid* v. *Whisenant,* 161 *Ga.* 503 (131

S. E. 904, 44 A. L. R. 599) ; *National Mortgage Corporation* v. *Bullard,* 178 *Ga.* 451 (173 S. E. 401). In such case a money judgment is usually the only appropriate prayer. Illustrations might be multiplied, but this is sufficient. If the judgment had been against the defendant company alone, this court would not take jurisdiction of the case on writ of error sued out by the corporate defendant, under the rule stated in the first part of this opinion, since such judgment would clearly have been rendered by the court in the exercise of its legal as distinguished from its equitable powers (for money had and received), and the equitable rights sought by the plaintiff would be immaterial. Since, however, the judgment was not merely against the corporation to which the overpayment was made, but also against one of the directors who was liable, not because he received the overpayment, but because he wrongfully took that much and more money out of the capital assets of the corporation, rendering it insolvent, in fraud of the plaintiff's rights, the case presented is clearly one in equity, and this court has jurisdiction of the case. The decision in *Jasper School District* v. *Gormley,* supra, is not in point. Under the facts stated in the petition in that case an equitable or legal cause of action could have been asserted. The plaintiff prayed that he recover a sum of money "as for money held and received." This court held that since an action for money had and received is a common-law action, the suit as determined by the prayer was not one in equity. Nor is the present ruling contrary to *Bernstein* v. *Fagelson,* supra. The allegations of the petition in that case were such that the plaintiff could have prayed for specific performance, an equitable remedy (Code, § 37-801), but the plaintiff in fact prayed only for monetary damages for breach of the contract. Accordingly the relief sought was legal and not equitable. The case of *Taylor Lumber Co.* v. *Clark Lumber Co.,* 159 *Ga.* 393 (125 S. E. 844), is also distinguishable from the present case, in this: The sole owners and directors of the corporation who were alleged to have taken all of the assets of the corporation and appropriated them to their own use, thereby rendering the corporation insolvent, were the members of the partnership with which plaintiff had made the contract alleged to have been breached. It therefore appeared that these defendants were liable as partners at law for the breach of the contract, which was the only relief sought in that case. See

same case, 33 *Ga. App.* 815 (5). The court was therefore correct in holding that the mere allegation that the defendants in appropriating the assets of the corporation to their own use held said assets for the benefit of creditors of the corporation did not make the suit one in equity. In the present case no liability against the individual defendants was shown by the allegations, except upon application of equitable principles. Compare *Mobley* v. *Rucker,* 176 *Ga.* 178 (167 S. E. 104); *Bleckley* v. *Bleckley,* 189 *Ga.* 47 (5 S. E. 2d, 206); *Lee* v. *Holman,* 182 *Ga.* 559 (186 S. E. 189), s. c. 52 *Ga. App.* 543 (183 S. E. 837).

■ It is insisted that it was improper to render a joint judgment against the corporation and the director who received the money from the corporation. Reliance is placed on *Great Southern Accident & Fidelity Co.* v. *Guthrie,* 13 *Ga. App.* 288 (79 S. E. 162), and *Cowart* v. *Fender,* 137 *Ga.* 586 (73 S. E. 822, Ann. Cas. 1913A, 932). Neither of these cases shows that the judgment was improper. The *Guthrie* case was an action at law for money had and received, against a number of persons who had *severally* and at *different times* received *different sums* of money; and the court held that it was erroneous to render joint judgment against all of the defendants for the aggregate of the total amounts the plaintiff sought to recover. The decision in *Cowart* v. *Fender* contains an exhaustive discussion of the rights and remedies flowing from a transaction wherein a number of persons, as a result of fraud and conspiracy, have unjustly enriched themselves in *separate and individual* amounts as against another. The plaintiff, the court held in that case, may sue the defendants in tort as joint wrong-doers, and may recover joint judgment against all of them for the aggregate of the amounts severally received, or may waive the tort and sue each of the conspirators for the amount severally received. These cases are not in point here. In the present case the defendant corporation did not receive one sum of money equitably belonging to the plaintiff, and the director another sum; but it is a case in which the corporation, and the director receiving the corporate assets, are each responsible to the plaintiff for the same sum of money.

■ The point that the motion to recommit should have been granted, because the auditor made no finding as to what thousand dollars of the total amount paid by the plaintiff to the defendant

corporation constituted the overpayment, is not well taken. The purchase-price of the land which the plaintiff bought from the defendant was $15,300. He made payments aggregating $6300, and by miscalculation and mistake gave a purchase-money note for $10,000, instead of the $9000 actual balance due. He actually owed the defendant corporation $9000 balance on the purchase-price of the property, and the corporation received no money from him that it ought not to have received until he had paid it that amount. Therefore the unjust enrichment occurred when the final payment was made. "Promissory notes are not payment until themselves paid." Code, § 20-1004.

This court can not pass upon errors assigned upon the trial court's overruling exceptions of fact to an auditor's report in an equity case, if there is evidence to support the finding, as such errors are errors of fact and not errors of law; and under the constitution this court's jurisdiction extends only to the "trial and correction of errors of law." The evidence supported the findings of fact made by the auditor.

*Judgment affirmed. All the Justices concur.*