HENRY CAPPELLINI, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

SERAFINO CINCI, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

GUIDO FUNARI, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 25926–25928. Promulgated May 29, 1929.

*Clarence A. Miller, Esq.*, for the petitioners.
*J. E. Mather, Esq.*, for the respondent.

OPINION.

ARUNDELL: These are causes involving the liability under section 280 of the Revenue Act of 1926, of the transferees of the assets of the Masontown Coal Co., a corporation. Under date of January 15, 1929, the Board entered an interlocutory decision in these proceedings, which left open the question of the extent of the liability of the petitioners. Thereafter, briefs on this question were filed by the parties and oral arguments were heard. Since the briefs were

filed and arguments heard, the Board has decided in *Grand Rapids National Bank*, 15 B. T. A. 1166, and *Annie G. Phillips et al., Executors*, 15 B. T. A. 1218, that any one of several transferees of the assets of the corporation is liable for the unpaid taxes of the corporation. See also *Appeal of Cornell*, 114 Pa. St. 153; 6 Atl. 258. In accordance with those decisions an order will be entered in each of the present proceedings adjudging the liability of each petitioner to be the full amount of the tax imposed upon the Masontown Coal Co., with interest.

While the courts seem to hold divergent views as to when interest begins to run against stockholders who are liable to creditors of a corporation, we are impressed with the decision in *United States* v. *Snook*, 24 Fed. (2d) 844, as being a fair and equitable rule to be applied in transferee cases. That decision, where the tax liability was greatly in excess of the amount received by the transferees in distribution, holds the transferees liable to the full extent of the amounts received by them with interest from " the fair average date of receiving " the sums distributed. Cf. *McWilliams* v. *Excelsior Coal Co.*, 298 Fed. 844. That method of computation represents the maximum liability of the transferees and applies where the tax and interest imposed on the corporate transferor is greater than the amount received in distribution, plus interest from that date. Where the tax and interest thereon is less than the amount distributed to any one transferee, then the liability of such transferee would be limited to the amount of tax and interest thereon.

Accordingly, it is held in these cases that the amount the respondent may assess in each case is the amount of taxes owing by the Masontown Coal Co., plus interest at the rate of 6 per cent per annum from February 26, 1926; provided, however, that the liability of any one of the petitioners shall not exceed the amount received by him in distribution, plus interest at 6 per cent per annum (the legal rate in Pennsylvania) from the date of distribution. In other words, the maximum amount assessable against any one of the petitioners is the lower amount of either (1) the tax plus interest from February 26, 1926, to date of assessment, or (2) the amount received in distribution, plus interest from the date thereof, viz., August 15, 1920, to date of assessment. In these cases, the amount of tax being less than the amount received in distribution, and February 26, 1926, being a later date than that of the distribution, the amount assessable is $4,268.39, plus interest from February 26, 1926. An order will be entered accordingly in each of the proceedings.

Reviewed by the Board.