*843 OPINION.
McMahon:
At the hearing the petitioner abandoned the first assignment of error and the respondent admitted that he erred as *844 alleged in the second assignment of error. The petitioner undertakes to question the constitutionality of section 280 of the Revenue Act of 1926, but having invoked that section to secure a redetermination, it may not question its validity. Henry Cappellini et al., 14 B. T. A. 1269. See also Phillips v. Commissioner of Internal Revenue, 42 Fed. (2d) 177.
The remaining contention of the petitioner is that assessment and collection of its liability as a transferee of the assets of the Newport Chemical Works, Inc. for income and profits taxes of the latter company for the year 1917 áre barred by the statute of limitations. We must first determine if assessment of the tax liability of the Newport Chemical Works, Inc. is barred by the statute of limitations and if so, when such assessment became barred. Section 260 (d) of the Revenue Act of 1921 provides, in part:
(d) The amount of income, excess-profits, or war-profits taxes due under any return made under this Act for the taxable year 1921 or succeeding taxable years shall be determined and assessed by the Commissioner within four years after the return was filed, and the amount of any such taxes due under and return made under this Act for prior taxable years or under prior income-excess-profits, or war-profits tax Acts, or under section 38 of the Act entitled “An Act to provide revenue, equalize duties, and encourage the industries of the United States, and for other purposes,” approved August 5, 1909, shall be determined and assessed within five years after the return was filed, unless both the Commissioner and the taxpayer consent in writing to a later determination, assessment, and collection of the tax; and no suit or proceeding for the collection of any such taxes due under this Act or under prior income, excess-profits, or war-profits tax Acts, or of any taxes due under section 38 of such Act of August 6, 1909, shall be begun, after the expiration of five years after the date when such return was filed, but this shall not affect suits or proceedings begun at the time of the passage of this Act: * * *
The evidence discloses that the income and profits tax return of the Newport Chemical Works, Inc. for the year 1917 was filed on April 1, 1918. In the absence of valid waivers, therefore, the time within which assessment and collection of the tax from the Newport Chemical Works, Inc. could have been made expired on April 1, 1928. However, the respondent has introduced into evidence a number of written instruments which purport to be waivers or consents in writing, which he contends extended the time for making assessment and collection against and from that company, and, that hence the assertion on March 14, 1927, of petitioner’s liability under section 280 of the Revenue Act of 1926 was timely.
It is the contention of the petitioner that some of these instruments are invalid and of no effect because they were executed by a former officer of the Newport Chemical Works, Inc. after that corporation was dissolved.
*845 The evidence shows that on March 1, 1920, the Supreme Judicial Court of Maine ordered and decreed that the “ Newport Chemical Works, Inc. be dissolved without the appointment of a trustee or receiver.”
Section 89 of chapter 51 of the Revised Statutes of Maine, 1916, provides:
Bill in equity against corporation for dissolution; if no liabilities, dissolution may be had without trustees, li. S. c. 47 § 80. Except where otherwise provided by statute, whenever at any meeting of its stockholders, legally called therefor, such stockholders vote to dissolve such corporation, a bill in equity against the same for dissolution thereof, may be filed by any officer, stockholder or creditor in the supreme judicial court, in the county in which it has an established place of business, or in which it held its last stockholders’ meeting; upon said bill, such notice shall be given as may be ordered by any justice of said court, in term time or vacation, and upon proof thereof, such proceedings may be had according to the usual course of suits in equity, that said corporation shall be dissolved and terminated. Upon proof that there are no existing liabilities against said corporation, and no existing assets thereof, requiring distribution among the stockholders, said court may dissolve said corporation without the appointment of trustees or receivers.
Section 81 of chapter 51 of the Revised Statutes of Maine, 1916, provides:
Existence after charter expires. E. S. c. 47 § 77. Corporations, whose charters expire or are otherwise terminated, have a corporate existence for three years thereafter; to prosecute and defend suits, to settle and close their concerns; to dispose of their property; and to divide their capitals.
The existence of a corporation depends upon the law of the State in which it was incorporated. It therefore appears that under the Statutes of Maine, construed in the most favorable light to the respondent, the Newport Chemical Works, Inc. did not exist after March 1, 1923, for any purpose. See Oklahoma Natural Gas Co. v. Oklahoma, 273 U. S. 257.
Prior to that date there was executed what purported to be an unlimited waiver by the Newport Chemical Works, Inc. of the statute of limitations applicable to its tax liability for the year 1917, but even if valid, this waiver expired on April 1, 1924, in accordance with Mimeograph 3085, which was issued by the Commissioner of Internal Revenue on April 11, 1923. Wirt Franklin, 7 B. T. A. 636. The remainder of the purported waivers were, so far as evidence shows, executed after the Newport Chemical Works, Inc. had ceased to exist. Respondent, nevertheless, contends that they are valid and serve to waive the statute of limitation as to that company.
Counsel for respondent cites numerous Wisconsin statutes, including sections 226.02 and 226.12 of the statutes of 1925, and sections *846 181.02 and 181.03 of the statutes of 1927, but we find no provision in the statutes of Wisconsin which purports to empower the former officers of any dissolved corporation, foreign, or domestic, to execute valid waivers of the statute of limitations after three years after its dissolution.
The respondent further contends that whether or not the Newport Chemical Works, Inc. was legally dissolved under the laws of Maine, it continued as a de facto corporation in Wisconsin where it was doing business and in which State most of its assets were located, and that, therefore, the instruments executed under its seal are valid. The respondent states that since the Newport Chemical Works, Inc. entered into agreements with respondent and held itself out as a corporation, the petitioner is precluded from denying the corporate existence of the Newport Chemical Works, Inc. In our opinion this argument is without merit, for the reason that at no time did the petitioner or anyone else, so far as the record shows, represent that the Newport Chemical Works, Inc. was in existence after its dissolution under the laws of Maine. On the contrary, respondent was informed from time to time that the Newport Chemical Works, Inc. had been dissolved.
We must conclude that the purported consents in writing are ineffective to extend the statutory period for assessment and collection against and from the Newport Chemical Works, Inc.
The respondent contends that the petitioner is estopped to deny the validity of the alleged waivers for the reason that it led respondent to believe that these waivers were executed with full authority. However, the evidence discloses that the petitioner on numerous occasions, prior to the expiration of the statutory period of limitations, informed respondent that the Newport Chemical Works, Inc. had been dissolved. There was, therefore, no deception on the part of the petitioner and petitioner is not estopped to deny the validity of the waivers. Southwestern Investment Co., 19 B. T. A. 30.
There is no evidence that assessment of 1917 taxes was ever made against the Newport Chemical Works', Inc. After April 1, 1924, assessment and collection of such taxes against and from the Newport Chemical Works, Inc. were barred by the statute of limitations. Therefore, since assessment and collection of the liability of the taxpayer were barred prior to the passage of the Revenue Act of 1926, assessment and collection of the liability of the petitioner as transferee are also barred. Caroline J. Shaw, Executrix, 21 B. T. A. 400, and E. N. Ennis et al., 21 B. T. A. 406,
Reviewed by the Board.

Judgment will he entered for the petitioner.