WAYNE BODY CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 35896.   Promulgated October 28, 1931.

*George E. H. Goodner, Esq.*, for the petitioner.
*J. E. Mather, Esq.*, and *J. A. Lyons, Esq.*, for the respondent.

OPINION.

BLACK: Findings of fact and opinion were promulgated in this proceeding February 27, 1931, and therein it was found that petitioner had received from the transferor corporation property of a greater net value than the amount of the taxes involved in the proceeding and in the opinion it was found that petitioner was a transferee of the transferor corporation which owed the tax and was liable for the taxes due by said transferor corporation for the year 1917. The opinion directed that decision should be entered under Rule 50 of the Board's rules of practice.

On April 21, 1931, petitioner filed a proposed settlement under Rule 50, in which computation it was determined that the amount of the deficiency owed by the transferor corporation (American Auto Trimming Company) for the year 1917 was $14,955.65, and that the liability of petitioner as transferee was for the same amount. This proposed settlement under Rule 50 was set down for hearing May 13, 1931, at which time counsel for respondent gave notice that he had no objection to the computation filed by petitioner. Whereupon, May 15, 1931, the Board entered decision that the liability of peti-

tioner as the transferee of the American Auto Trimming Company of Detroit, Mich., was $14,955.65. No mention was made of interest. Thereafter, on May 22, 1931, respondent filed motion to amend the order of final determination made by the Board May 15, 1931, so that the liability of petitioner as transferee would be determined to be $14,955.85 plus interest from February 26, 1926.

Respondent's said motion was set down for argument June 10, 1931, and on said date counsel for respondent and counsel for petitioner appeared and presented their arguments and submitted authorities in support of their respective contentions. The deficiency notice addressed to petitioner December 29, 1927, reads in part as follows:

As provided in Section 280 of the Revenue Act of 1926, there is proposed for assessment against you, the amount of $66,332.05 constituting your liability as a transferee of the assets of the American Auto Trimming Company (whose name was subsequently changed to the Gotfredson Corporation) of Detroit, Michigan, for income and profits taxes in the amount of $66,332.05 due from the American Auto Trimming Company for the years 1917, 1920 and 1924 as shown in the attached statement.

Then on the statement attached to the deficiency notice, after giving the amounts of the respective deficiencies claimed against the American Auto Trimming Company for 1917, 1920, and 1924, the statement concludes:

Section 280 of the Revenue Act of 1926 provides for the assessment, collection and payment of the liability at law or in equity, of a transferee of property of a taxpayer in respect of the tax (including interest, additional amounts and additions to the tax provided by law) imposed upon the taxpayer by this title or by any prior income, excess profits or war profits tax Act.

The records of this office indicate that the American Auto Trimming Company was dissolved on or about August 1925 and the assets finally transferred to you.

The amended answer filed by respondent at the hearing, December 3, 1929, contains the following paragraph:

Further answering said petition, respondent alleges that on or about December 31, 1924, the petitioner caused to be transferred to it all of the property and assets of the American Auto Trimming Company of Detroit, Michigan, without paying any consideration therefor which said assets were of a net value in excess of the taxes involved in this proceeding *with interest allowed by law*. [Italics supplied.]

The motion of respondent and the argument of counsel thereon raise two questions: (1) Does the Board have any power or jurisdiction to make any order relative to interest in these transferee proceedings? (2) If question (1) be answered in the affirmative, was the deficiency notice sent out by respondent to petitioner, coupled with the affirmative allegations made by respondent in his amended answer, sufficient pleadings upon which the Board may determine

that petitioner is liable for interest? We think both questions must be answered in the affirmative. In *Henry Cappellini*, 16 B. T. A. 802, we said:

While the courts seem to hold divergent views as to when interest begins to run against stockholders who are liable to creditors of a corporation, we are impressed with the decision in *United States* v. *Snook*, 24 Fed. (2d) 844, as being a fair and equitable rule to be applied in transferee cases. That decision, where the tax liability was greatly in excess of the amount received by the transferees in distribution, holds the transferees liable to the full extent of the amounts received by them with interest from "the fair average date of receiving" the sums distributed. Cf. *McWilliams* v. *Excelsior Coal Co.*, 298 Fed. 844. That method of computation represents the maximum liability of the transferees and applies where the tax and interest imposed on the corporate transferor is greater than the amount received in distribution, plus interest from that date. Where the tax and interest thereon is less than the amount distributed to any one transferee, then the liability of such transferee would be limited to the amount of tax and interest thereon.

Accordingly, it is held in these cases that the amount the respondent may assess in each case is the amount of taxes owing by the Masontown Coal Co., plus interest at the rate of 6 per cent per annum from February 26, 1926; provided, however, that the liability of any one of the petitioners shall not exceed the amount received by him in distribution, plus interest at 6 per cent per annum (the legal rate in Pennsylvania) from the date of distribution. In other words, the maximum amount assessable against any one of the petitioners is the lower amount of either (1) the tax plus interest from February 26, 1926, to date of assessment, or (2) the amount received in distribution, plus interest from the date thereof, viz., August 15, 1920, to date of assessment. In these cases, the amount of tax being less than the amount received in distribution, and February 26, 1926, being a later date than that of the distribution, the amount assessable is $4,268.39, plus interest from February 26, 1926. An order will be entered accordingly in each of the proceedings.

This decision was followed in *Louis Costanzo*, 16 B. T. A. 1294; *Kathleen O'Brien*, 20 B. T. A. 167; *Coca Cola Bottling Co.*, 22 B. T. A. 686.

Section 283 (d), Revenue Act of 1926, is as follows:

In the case of any assessment made after the enactment of this Act in respect of a tax imposed by any Act of Congress prior to November 23, 1921, interest upon the tax proposed to be assessed shall be assessed at the same time as such tax, shall be paid upon notice and demand from the collector, and shall be collected as part of such tax, at the rate of 6 per centum per annum, from the date of the enactment of this Act to the date such tax is assessed, or, in the case of a waiver under subdivision (d) of section 274, to the thirtieth day after the filing of such waiver or to the date the deficiency is assessed whichever is the earlier.

It should be observed that this section makes the interest provided for a part of the tax and requires that it shall be so collected.

Section 280 provides:

SEC. 280. (a) The amounts of the following liabilities shall, except as hereinafter in this section provided, be assessed, collected, and paid in the same

*manner and subject to the same provisions and limitations as in the case of a deficiency in a tax imposed by this title (including the provisions in case of delinquency in payment after notice and demand. The provisions authorizing distraint and proceedings in court for collection and the provisions prohibiting claims and suits for refunds) :*

*(1) The liability, at law or in equity, of a transferee of property of a taxpayer, in respect of the tax (including interest, additional amounts, and additions to the tax provided by law) imposed upon the taxpayer by this title or by any prior income, excess-profits, or war-profits tax Act.*

This section includes interest as part of the liability for which the transferee may be held to be liable and it would seem that, in fixing the amount of the liability in any given case, the Board must of necessity consider interest, as provided by law.

In *Coca Cola Bottling Co.*, 22 B. T. A. 686, p. 702, the Board held that a penalty was an addition to the tax and that under section 280 (a) (1) the transferee was liable therefor. The Board there said:

The one unique attack upon the constitutionality of section 280 relates only to the 1925 period and is pleaded in each case as follows:

The determination of the tax contained in the said deficiency letter aforesaid is based upon the following errors, to wit:

\*     \*     \*     \*     \*     \*     \*

(4) That, should this Honorable Board hold that the said section of the said Revenue Act is constitutional and that the said Commissioner did not err in relying upon said section, then petitioner alleges that, although said section 280 of the Revenue Act of 1926 may authorize the imposition and assessment of tax (due by a transferor) directly against the transferee of its assets, said section of the Act does not and can not authorize the imposition and assessment of a penalty for delinquency in filing a return; and that if said section did or does authorize the assessment of a penalty against a transferee, that then, and in that case, the said section of said act is unconstitutional, null and void.

Section 280 (a) (1) of the Revenue Act of 1926 specifically authorizes the inclusion of " interest, additional amounts, and additions to the tax " in the amount which may be assessed against and collected from a transferee. A penalty is an addition to the tax. *Gutterman Strauss Co.*, 1 B. T. A. 243. Section 3176, Revised Statutes as amended by section 1003, Revenue Act of 1924. A contention respecting the constitutionality of section 280 so far as it authorizes the assertion of a liability of a transferee for penalties imposed upon his transferor, might therefore, be disposed of upon authority of *Cappellini, supra*, since such a contention is an attack upon a substantive provision of the said section 280. \* \* \*

It seems equally clear that interest is likewise included with the tax as a liability for which the transferee may be held to be liable. But counsel for petitioner urges that the deficiency notice mailed to petitioner, coupled with the affirmative allegations made in respondent's amended answer, were not sufficient to put petitioner on notice that claim was being made against it for interest and that if it was the purpose of respondent to seek to hold petitioner liable for interest on the $14,955.65 from February 26, 1926, respondent should have asked

at the hearing that the deficiency be increased so as to include interest. Petitioner cites in support of his contention, section 274 (e) of the Revenue Act of 1926, which reads:

The Board shall have jurisdiction to redetermine the correct amount of the deficiency even if the amount so redetermined is greater than the amount of the deficiency, notice of which has been mailed to the taxpayer, and to determine whether any penalty, additional amount or addition to the tax should be assessed, *if claim therefor is asserted by the Commissioner at or before the hearing or a rehearing.* [Italics supplied.]

We think the statements of respondent in the deficiency notice mailed to petitioner, from which the appeal was taken, coupled with the affirmative allegations contained in respondent's amended answer filed December 3, 1929, were sufficient notice to petitioner that respondent was claiming against petitioner liability for the taxes due by the transferor corporation and interest thereon as provided by law.

This interest we hold dates from February 26, 1926, because it is so provided by section 283 (d) of the Revenue Act of 1926, and petitioner having received assets as a transferee of a greater value than the tax plus interest from February 26, 1926, it is liable therefor.

Complying with the views herein expressed, an order will be entered granting respondent's said motion and our order of final determination, dated May 15, 1931, will be modified so as to include interest on $14,955.65 from February 26, 1926, at the rate of 6 per cent per annum.

Reviewed by the Board.