Continental Baking Company, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 44873.   Promulgated March 7, 1933.

*Robert N. Anderson, Esq.*, for the petitioner.
*B. U. Steele, Esq.*, for the respondent.

OPINION.

McMahon: The only question here presented is whether the petitioner is liable at law or in equity, as a transferee, for the additional taxes asserted by the respondent to be due from the Livingston Baking Company for the fiscal year ended June 30, 1924, and for the period July 1, 1924, to January 10, 1925.

The burden of proof in a transferee proceeding is upon the respondent to show the liability of the alleged transferee, but not to show the correctness of the determination of the tax liability of the transferor corporation. Section 912 of the Revenue Act of 1924, as amended by section 602 of the Revenue Act of 1928.[1]

It is our opinion that the respondent has met the burden of showing that the petitioner is liable for the taxes in question under its contract with the Livingston Baking Company. In the minutes of the meeting of the board of directors of the petitioner held on September 24, 1926, wherein the acquisition of the assets of the Livingston Baking Company was authorized, the officers were authorized and directed to " take such steps as may be necessary to acquire said properties and assets and assume all existing liabilities of said corporation ". By assuming " all existing liabilities " at the time of the transfer on September 18, 1926, the petitioner assumed any additional tax liability of the Livingston Baking Company for the fiscal year ended June 30, 1924, and for the period July 1, 1924, to January 10, 1925, even though at such time such deficiencies were not assessed against the Livingston Baking Company and may not have been determined by the respondent. At that time all the events had occurred which fixed the amount of the tax and determined the liability of the taxpayer to pay it. *United States* v. *Anderson*, 269 U. S. 422. Cf. *Updike* v. *United States*, 8 Fed. (2d) 913; and *United*

---

[1] Sec. 912. In proceedings before the Board the burden of proof shall be upon the Commissioner to show that a petitioner is liable as a transferee of property of a taxpayer, but not to show that the taxpayer was liable for the tax.

*States* v. *Armstrong*, 26 Fed. (2d) 227. It is true that Brayton Campbell, who is secretary and treasurer of the Continental Baking Corporation and its subsidiaries, testified that it was his understanding that the petitioner was to assume only those liabilities contained in the balance sheet as of September 18, 1926. However, the petitioner did not introduce the contract in evidence and we can not accept, as binding, the understanding of Campbell upon this question as against petitioner's written minutes evidencing the agreement of the parties. The agreement is binding on the parties to it. His understanding is not binding here. The minutes of the petitioner are a written admission by the petitioner of its liability in this respect, which is not overcome by Campbell's understanding to the contrary. It is for the Board to construe these minutes and it is not bound by Campbell's construction. As stated, we believe the respondent has met the burden placed upon him in this respect. Such a contractual liability is enforceable under section 280 of the Revenue Act of 1926. *American Equitable Assurance Co. of New York*, 27 B. T. A. 247.

If petitioner did not assume such taxes in its agreement with the Livingston Baking Company, petitioner is nevertheless liable under the well established doctrine that if one corporation takes over all the assets of another corporation without giving adequate consideration, thereby leaving the transferor without means of paying its creditors, it is liable for the amounts due to the creditors, to the value of the assets received by it. It is true that the stock of petitioner which was transferred to the Livingston Baking Company in exchange for the assets had a value of $1,510,000, which was greatly in excess of the amount of tax here in controversy, but it is well settled that creditors may not be forced to give up the real, tangible assets of a corporation as security and look for payment alone to stock of another corporation.

In *Signal Gasoline Corp.*, 25 B. T. A. 532, there was involved a situation substantially similar to that in the instant proceeding and we held the transferee liable. We there stated:

Similar questions of transferee liability have been before us on numerous occasions, and it is now well settled by decisions of the Board that where one corporation transfers its assets to a new corporation in exchange for stock of the latter which is issued directly to the stockholders, leaving the transferor without assets to satisfy its creditors, the new corporation is liable to the creditors of the old to the extent of the value of the property received. *Woodley Petroleum Co. et al.*, 16 B. T. A. 253; *Concrete Industries Co.*, 19 B. T. A. 655; *Gideon-Anderson Co.*, 20 B. T. A. 106; *Wayne Body Corporation*, 22 B. T. A. 401, and cases cited therein. Many courts have reached the same conclusion where stock of the new corporation was delivered to the old corporation and later distributed to its stockholders, which is the situation in the instant case. *Jennings Neff & Co.* v. *Chrystal Ice Co.*, 128 Tenn. 231; 159 S. W. 1088; *Altoona* v.

*Richardson*, 81 Ks. 717; 106 Pac. 1026; 26 L. R. A. (N. S.) 651; *Hibernia Insurance Co.* v. *St. Louis & New Orleans Transportation Co.*, 13 Fed. 516; *American Railway Express Co.* v. *Commonwealth*, 190 Ky. 636; 228 S. W. 433; *Grenell* v. *Detroit Gas Co.*, 112 Mich. 70; 70 N. W. 413; *Chicago I. & S. R. Co.* v. *Taylor*, 183 Ind. 240; 108 N. E. 1. The reason for application of the rule in cases of the latter group where the old corporation is not without assets, having received stock of the new corporation, is stated as follows in *Jennings Neff & Co.* v. *Chrystal Ice Co.*, *supra:*

> Creditors of the old corporation cannot be required to look alone to the stock and bonds which were substituted for the real, tangible assets of that corporation. The value of securities so substituted is more or less problematical, and creditors should not be forced to surrender their claim against available, visible assets, and transfer such claim to new securities. The remedy cannot thus be hindered and impaired for the benefit of stockholders. * * *

See also to the same effect *McIver* v. *Young Hardware Co.*, 144 N. C. 478; 57 S. W. 169. These principles were recognized and applied by this Board in *Waterproofed Products Co.*, 25 B. T. A. 648, and in *West Texas Refining & Development Co.*, 25 B. T. A. 1254, wherein we held the transferee corporation liable even though the stock which it exchanged for the assets of the transferor corporation was shown to have a value at least equal to the net value of the assets.

The transferee corporation is liable whether it was organized for the purpose of absorbing the business of the transferor or whether it was already in existence. In *City of Altoona* v. *Richardson Gas & Oil Co.*, 81 Kan. 717; 106 Pac. 1025, the court quoted with approval the following:

"* * * Where, however, there is an absorbtion of the business and assets—in other words, a merger de facto—by either a corporation formed for the purpose, or one already in business, the liability of the corporation receiving the assets is rested upon the familiar trust fund doctrine, since such receiving corporation does not stand as a bona fide purchaser for value. In such case the extent of the liability is necessarily determined by the value of the property received." Page 1120 of 11 L. R. A. (N. S.). * * *

The cases of *Kinnett-Odom Co.*, 19 B. T. A. 1124, and *Exclusive Prescription Pharmacy*, 21 B. T. A. 33, cited by petitioner, are distinguishable from the instant proceeding. In *Kinnet-Odom Co.*, *supra*, the taxpayer retained its cash, bills and accounts receivable, and stock on hand, and the Commissioner did not prove that the value of these retained assets was less than the amount of the taxes and other obligations. In the instant proceeding no assets of the transferor were retained by it. In *Exclusive Prescription Pharmacy*, *supra*, it was not shown that the value of the consideration received by the taxpayer, other than stock, was less than the amount of the tax sought to be collected from the alleged " transferee ".

*Metropolitian Securities Corp.,* 19 B. T. A. 299, relied upon by petitioner, is also different from the instant proceeding. In that proceeding the transferor " at the conclusion of the transaction was possessed of assets [preferred stock of the transferee] equal in value to. those it had sold." The proof in the instant proceeding does not sustain such a conclusion. Here the net worth of assets received by petitioner, as shown by the balance sheet of the Livingston Baking Company, was $1,645,724.73, not including any going concern or good will value, while the value of the stock transferred to the Livingston Baking Company was $1,510,000.

The assets which petitioner received had a value, according to the balance sheet of the Livingston Baking Company as of September 18, 1926, substantially in excess of the liabilities shown upon the balance sheet and the additional taxes herein involved.

We hold that the petitioner is liable for the additional taxes determined by respondent. The petitioner's liability also includes interest upon such amounts from September 18, 1926, the date as of which petitioner received the assets. *Henry Cappellini*, 16 B. T. A. 802, and *Wayne Body Corp.*, 24 B. T. A. 524.

*Decision will be entered under Rule 50.*