C. P. FORD & COMPANY, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 59851.   Promulgated May 23, 1933.

*Jacob Ark, Esq.*, for the petitioner.
*Warren F. Wattles, Esq.*, for the respondent.

OPINION.

STERNHAGEN : The petitioner complains because the respondent has determined that there is no reasonable ground for any addition to its reserve for bad debts and has therefore disallowed the entire deduction taken. It argues that the amount was determined by the method which was used to arrive at the deductions previously allowed, that the method is " scientific," and that since, in the opinion of its officers, it is a reasonable amount, its deduction may not be dissallowed.

The effective statute is section 23 (j), Revenue Act of 1928, which allows the deduction of " Debts ascertained to be worthless and charged off within the taxable year (or, in the discretion of the Commissioner, a reasonable addition to a reserve for bad debts)." The effective regulation is Regulations 74, article 195, which appears in the margin.[1]

The statute, in providing for reserves for bad debts, imposes the condition that it shall be in the discretion of the Commissioner, thus giving a sanction to his determination which, while still subject to review (cf. *Blair* v. *Oesterlein Machine Co.*, 275 U.S. 220), is not to be lightly set aside. A taxpayer has an absolute right to choose to deduct his worthless debts when they are ascertained to be worthless and charged off, but if instead he chooses to deduct additions to a reserve, he subjects himself to the reasonable discretion of the Commissioner. Reserves of any sort are not ordinarily deductible, *Spring Canyon Coal Co.* v. *Commissioner*, 43 Fed. (2d) 78, and when Congress so far departs from the customary practice as to permit such a deduction as to a bad debt reserve, the condition is as important as the permission. Such a

---

[1] ART. 195. *Reserve for bad debts.*—Taxpayers who have, prior to 1928, established the reserve method of treating bad debts and maintained proper reserve accounts for bad debts, or who, in accordance with article 191, or upon securing permission from the Commissioner, adopt the reserve method of treating bad debts, may deduct from gross income a reasonable addition to a reserve for bad debts in lieu of a deduction for specific bad debt items.

What constitutes a reasonable addition to a reserve for bad debts must be determined in the light of the facts, and will vary as between classes of business and with conditions of business prosperity. A taxpayer using the reserve method should make a statement in his return showing the volume of his charge sales (or other business transactions) for the year and the percentage of the reserve to such amount, the total amount of notes and accounts receivable at the beginning and close of the taxable year, and the amount of the debts which have been ascertained to be wholly or partially worthless and charged against the reserve account during the taxable year.

deduction presents substantial problems of administration, and it can not be assumed that Congress intended either that the taxpayer's unrestrained judgment as to the propriety or wisdom of his method or that the Board's judgment in a particular case when not supported by broad administrative considerations as well as the taxpayer's individual premises should override .the Commissioner's sound discretion. That the Board has jurisdiction to review his determination does not mean that its judgment is to be substituted for that of the Commissioner merely because both may be within the bounds of reason. This may mean nothing more than that the Commissioner's determination is presumed to be correct, but Congress seems to have given the presumption greater emphasis by its express legislation than that of the general presumption which applies to all determinations of deficiencies.

The petitioner insists that the method already tacitly approved by the Commissioner through his allowance of the earlier additions to the reserve bespeaks the reasonableness and deductibility of the 1929 addition. This would mean that the Commissioner had discretion not as to the addition and its reasonableness, but only as to the initial approval of the method to be annually employed; that once the method is approved, the amount, however inordinately large or small in the light of experience, may not be disallowed or increased. Manifestly the discretion was not intended to be so restricted. A method which produces a reasonable result for one year or even a series of years may in a given year be entirely out of tune with the circumstances. If so, it should not deprive the taxpayer of a deduction sufficiently large to reflect such changed circumstances, *Rhode Island Hospital Trust* v. *Commissioner*, 29 Fed. (2d) 339, and should likewise not entitle him to a deduction in excess of the amount reasonably necessary to provide for his probable bad debts. Since the reserve is necessarily the embodiment of estimates, the estimate for any year must be measured by the necessities of the reserve as those necessities appear at the time the estimate is made. So long as the method adopted accomplishes its purpose, there is reason for its consistent and continued use; but beyond that, it loses its force.

Thus considered, the evidence in the present record not only falls short of proving that the Commissioner's determination was erroneous but to the contrary proves that the addition claimed by the petitioner is unreasonable in that it would increase the reserve beyond the necessity disclosed by its experience or by its prospects for the future. The amount of its bad accounts in the past was never so

large as to require as large a reserve as was set up.[2]  While we do not lay down a rule that the reserve may not be larger than the amount of actual or average bad accounts of the past, the reserve already available in the present case is so much larger than appears to be necessary that there is no right to expand it and clearly no warrant to require the Commissioner, contrary to his discretion, to approve such expansion.

We have considered the Commissioner's determination on the one hand and the opinions of the petitioner's officers on the other, together with the evidence of facts and circumstances as it affects both; and in our opinion, the respondent correctly disallowed the deduction.

*Judgment will be entered for the respondent.*

---

[2] In the revenue agent's report appended to the petition appears the following tabulation:

This indicates a five-year average of $11,190.97 bad accounts out of an average of $256,736.91 accounts receivable, which is less than 4½ percent.  If this percentage be applied to the accounts receivable of 1929 of $388,055.57, the resulting figure is $17,462.50, which may be compared with the $30,000 already in the reserve and the $28,163.49 proposed to be added.