R. T. BUZARD, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

E. T. DUSENBURY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 42793, 43017.   Promulgated February 1, 1934.

*James P. Quigley, Esq.,* for the petitioners.
*J. R. Johnston, Esq.,* and *L. M. Berrien, Esq.,* for the respondent.

982

SEAWELL: The findings of fact and opinion herein of the Division were promulgated May 31, 1933, 28 B.T.A. 247. As the result of a motion filed by the petitioners, the decisions entered on June 3, 1933, pursuant to the report of the Division, were corrected on July 12, 1933, so as to show that the transferee liability of the petitioners for unpaid income and excess profits taxes of the Navarro Lumber Co. for 1919 and 1920 was $31,199.72 in the case of petitioner Buzard, and $26,947.70 in the case of petitioner Dusenbury, plus, in each case, interest thereon at the rate of 6 percent per annum from February 26, 1926.

On August 9, 1933, the petitioners filed a motion for review of the Division report and decisions by the Board. By orders entered on August 10, 1933, the Chairman of the Board directed that "the orders of Division No. 4, entered July 12, 1933," be reviewed by the Board.

The petitioners claim that the decisions of July 12, 1933, are wrong in that they provide for cumulative liability in excess of the unpaid taxes and interest on the deficiencies. There is no merit to the first point. The liability of transferees for unpaid taxes of corporations is several. *Phillips* v. *Commissioner*, 283 U.S. 589.

Transferee liability includes interest on the value of the assets received, provided claim is made therefor by the respondent. *Henry Cappellini*, 16 B.T.A. 802; *Wayne Body Corp.*, 24 B.T.A. 524; *Continental Baking Co.*, 27 B.T.A. 884; *C. P. Ford & Co.*, 28 B.T.A. 156. We think such a claim was made in these proceedings.

The statements attached to the deficiency notices contain the following paragraph:

Under the provisions of Section 280 of the Revenue Act of 1926, there is proposed for assessment against you the amount of $53,086.18 plus any accrued penalty and interest representing your liability as a transferee of the assets of the Navarro Lumber Company for outstanding tax assessed against said company for the years 1919 and 1920 as per statement.

The petitions filed by the transferees allege as error the proposal of the respondent to assess "interest or penalties" due to delinquency of the transferor. In his answers to the petitions the respondent alleged that the petitioners were liable for outstanding taxes of the transferor for 1919 and 1920, with interest as provided by law.

We think these facts establish a claim on the part of the respondent for such interest on the unpaid taxes as is allowed by law. The deficiencies determined against the transferor for 1919 and 1920 were assessed, respectively, in April and March 1928, when the Revenue Act of 1926 was in force. Section 283 (d) of that act makes interest a part of the tax.

But the petitioners contend that the stipulation provides for a maximum transferee liability, including interest, of $26,947.70 in the case of petitioner Dusenbury, and $31,199.72 in the case of petitioner Buzard.

The income and excess profits tax liability of the transferor is stipulated to be $13,568.75 for 1919, and $17,630.97 for 1920, a total of $31,199.72. The amounts received by the petitioners in liquidation of the Navarro Lumber Co., and their liability as transferees on account thereof, is set forth in the stipulation in the following words and figures:

That the Board may find and determine that E. T. Dusenbury, Petitioner, on August 7, 1922, received distributions in liquidation of the Navarro Lumber Company in the sum and of the value of $26,947.70, for which he is liable as a transferee of said the Navarro Lumber Company, under Section 280 of the Revenue Act of 1926, unless the Board should find and determine that the assessment of said liability against him is barred by the Statute of Limitations; that R. T. Buzard, Petitioner, on said August 7, 1922, received distributions in liquidation of the Navarro Lumber Company of an amount and value equal to and in excess of the sum of the aforesaid deficiencies with respect to the Navarro Lumber Company for the taxable year 1919 and 1920, in the respective amount of $13,568.75 and $17,630.97, making the sum of $31,199.72, for which he is liable as a transferee of said The Navarro Lumber Company under Section 280 of the Revenue Act of 1926, unless the assessment of said liability against him is barred by the Statute of Limitations.

There is nothing in this agreement of facts expressly limiting the liability of the petitioners to the amounts claimed by them, and the language used does not, as we understand it, infer as much. It goes no further than provide a basis for finding that the petitioners received specified amounts in liquidation of the Navarro Lumber Co. in order to establish their status as transferees. The amount of interest involved is considerable. Had the parties intended that the amounts received represented the maximum liability of the petitioners for taxes and interest, words clearly evidencing such intent would have been employed. We are unable to find that the parties agreed to limit the total liability of petitioner Dusenbury to $26,947.70, and petitioner Buzard to $31,199.72, as claimed.

The maximum amount assessable against transferees was first before us in *Henry Cappellini, supra*. We said there:

While the courts seem to hold divergent views as to when interest begins to run against stockholders who are liable to creditors of a corporation, we are impressed with the decision in *United States* v. *Snook*, 24 Fed. (2d) 844, as being a fair and equitable rule to be applied in transferee cases. That decision, where the tax liability was greatly in excess of the amount received by the transferees in distribution, holds the transferees liable to the full extent of the amounts received by them with interest from "the fair average date of receiving" the sums distributed. Cf. *McWilliams* v. *Excelsior Coal Co.*, 298 Fed. 844. That method of computation represents the maximum liability of the transferees and applies where the tax and interest imposed on the corpo-

rate transferor is greater than the amount received in distribution, plus interest from that date. Where the tax and interest thereon is less than the amount distributed to any one transferee, then the liability of such transferee would be limited to the amount of tax and interest thereon.

Accordingly, it is held in these cases that the amount the respondent may assess in each case is the amount of taxes owing by the Masontown Coal Co., plus interest at the rate of 6 per cent per annum from February 26, 1926; provided, however, that the liability of any one of the petitioners shall not exceed the amount received by him in distribution, plus interest at 6 per cent per annum (the legal rate in Pennsylvania) from the date of distribution. In other words, the maximum amount assessable against any one of the petitioners is the lower amount of either (1) the tax plus interest from February 26, 1926, to date of assessment, or (2) the amount received in distribution, plus interest from the date thereof, viz., August 15, 1920, to date of assessment. In these cases, the amount of tax being less than the amount received in distribution, and February 26, 1926, being a later date than that of the distribution, the amount assessable is $4,268.39, plus interest from February 26, 1926. An order will be entered accordingly in each of the proceedings.

This is still the rule before the Board. *Edward H. Garcin*, 22 B.T.A. 1027; *Wayne Body Corp.*, *supra*; *Frederick L. Watson*, 25 B.T.A. 971.

In the *Garcin* and *Watson* cases the amounts received in 1920 by the petitioners as transferees were less than the amount of taxes found to be due from the transferors. In each proceeding we held the liability to be the amount received in liquidation, plus interest at the rate of 6 percent per annum (the prevailing legal rate in New York and Massachusetts) from the date of distribution of the corporate assets.

The transferor was a California corporation and the petitioners are residents of San Francisco, California. In that state the legal rate of interest is 7 percent per annum. Act 3757, General Laws of California.

Petitioner Buzard having received at least $31,199.72, the amount of taxes owing by the transferor, in liquidation of the corporation, his transferee liability is, in accordance with the cases cited, that amount, plus interest at the rate of 6 percent per annum from February 26, 1926.

Petitioner Dusenbury received the sum of $26,947.70 on August 7, 1922, as a transferee of the corporation. The sum so received in distribution, plus interest thereon from the date of receipt to February 7, 1934, an estimated date of assessment against the transferee, at the rate of 7 percent per annum, the legal rate of interest in California, amounts to $48,640.70. The unpaid taxes of $31,199.72 of the transferor, plus interest thereon at the rate of 6 percent per annum from February 26, 1926, to February 7, 1934, amounts to $46,078.13. The latter sum being less than the former one, the maximum liability of petitioner Dusenbury, following *Henry Cappellini,*

*supra*, is the amount of the unpaid taxes, plus interest thereon at the rate of 6 percent per annum from February 26, 1926, to the date of assessment.

The order of the Division entered July 12, 1933, in Docket No. 42793, involving petitioner Buzard, is affirmed, and the Division order entered the same date in Docket No. 43017 will be modified so as to provide that the liability of petitioner Dusenbury as a transferee for unpaid income and excess profits taxes of the Navarro Lumber Co. for 1919 and 1920 is $31,199.72, plus interest thereon from February 26, 1926, to the date of assessment at the rate of 6 percent per annum.

Reviewed by the Board.

STERNHAGEN, VAN FOSSAN, MURDOCK, and MATTHEWS dissent.

---

TRAMMELL, dissenting: My objection to the opinion and decision in this case goes back to the opinion appearing in 28 B.T.A. 247 and not to the decision on the issue discussed in the foregoing opinion. In my opinion the entire case was before the Board. The proceeding reported in 28 B.T.A. above referred to in my mind was properly before the Board when the Chairman referred the orders referred to in the above opinion to the Board for consideration.

This case involves the question as to whether a corporation, dissolved as this one was and completely dead (see *Crossman* v. *Vivienda Water Co.*, 89 Pac. 335; *Van Landingham* v. *United Tuna Packers*, 208 Pac. 977; *Hogan* v. *Superior Court*, 241 Pac. 587, and other cases decided by the Supreme Court of California), could file an appeal with the Board; that is, whether the prior proceeding which was reported in 10 B.T.A. 690 constitutes an appeal instituted by the Navarro Lumber Co. In my opinion the question as to whether the Board had jurisdiction in the case of the Navarro Lumber Co. is not conclusive. The notice of deficiency being addressed to the Navarro Lumber Co., that company being completely dead at that time, and the proceeding being instituted by trustees not for the Navarro Lumber Co., but for the creditors and stockholders of that company, even if they had the effect of giving the Board jurisdiction to hear the proceeding, do not mean that the Board had jurisdiction of the Navarro Lumber Co. Conceding that the Board had jurisdiction of the parties before it, if the Navarro Lumber Co. was not before it the Board did not have jurisdiction of that company, and if it did not have jurisdiction of the company the statute of limitations bars any proceeding against the transferees. The opinion refers to the individuals as being trustees for the corporation. This is contrary to the statute and the decisions of California. They were trustees for creditors and stockholders and had no power whatever to act

in the corporation's name or for the corporation. Whether we had jurisdiction of a proceeding instituted by these individuals having authority to act for creditors and stockholders has no relation to the question of our jurisdiction over the corporation. The transferor corporation itself was not before us, it being dead. It is admitted that the petitioners herein are transferees, the only real question being as to whether the statute of limitations has run against them.

A proceeding filed with the Board under the 1924 Act with respect to the Navarro Lumber Co. would not have the effect of extending the statute of limitations as to transferees of that corporation unless that corporation itself filed the appeal, or unless it was filed by persons authorized by law to act for it. If that corporation was never before the Board, notwithstanding the fact that we may have had jurisdiction to determine the question of the tax liability of those who were before us, we had no jurisdiction with respect to that company, and the running of the statute was not suspended while the proceeding was before the Board. While section 277 of the 1928 Act contains a provision that the statute will be suspended if a proceeding with respect to a deficiency is placed on the docket of the Board until the decision of the Board becomes final, there was no such provision in either the 1924 or the 1926 Act.

I do not think that a corporation which is completely dead can be estopped (see *Newport Co.* v. *Commissioner*, 22 B.T.A. 833; affirmed 65 Fed. (2d) 925), and although certain individuals purporting to act for the corporation may have given us jurisdiction in so far as those persons who appeared before us were concerned, in my opinion, that fact can not preclude the defense that the statute of limitations has run against the corporation. And when the statute has run against a corporation, a transferor, section 280 provides a specific limitation as to when the statute runs against the transferee. Under this statute the period had expired before any action was taken against these transferees. Under section 400 of the Civil Code of California, which governs in this case, the Navarro Lumber Co. was completely dissolved by a decree of the court and the directors or managers of the corporation at the time of its dissolution were *trustees for the creditors and stockholders* and not trustees for the corporation. Therefore the persons who instituted the appeal when the Navarro Lumber Co. case was before the Board were not acting for the corporation and had no power to so act. All of the facts relating to this matter were fully disclosed in the proceedings before the Board. From the face of the petition and the power of attorney and other papers it was apparent that the Navarro Lumber Co. was completely dead. While the proceeding was filed in its name, that could not make it live.

In the case of *Kieckhefer* v. *United States*, 4 Fed. Supp. 1013, the Court of Claims held that, in the case of a dissolved corporation which was completely dead, being without authority to execute a waiver in its own behalf, " It necessarily follows that no agent could act for it in that regard." In this case if the Navarro Lumber Co. could not act in its own behalf, no agent could act for it. See also *Newport Co., supra.*

The fact is that no one even pretended to give authority to institute the proceedings before this Board in the previous proceeding under the 1924 Act. The trustees for the stockholders and creditors gave Heberle the power of attorney to act before the Treasury. Under that authority he not only acted before the Treasury, but before this Board, setting out, however, a full and complete statement of his authority and the facts as to the dissolution of the corporation. But the individuals giving such authority had no such power to act themselves in behalf of the corporation. This appears of record. The fact is there was no corporation. Its existence was not continued after the decree. There was no one with authority to bring an action in the name of the corporation or to defend in its name. Those individuals could act only for the creditors or the stockho'ders.

For the foregoing reasons I think the Board was in error i1 the case reported in 28 B.T.A. 247, which is impliedly affirmed in the foregoing opinion.